Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/11/2018 09:09 AM CDT

Todd A. Burklund and Shelly M. Burklund,
appellants, v. Brad Fuehrer and Structure
Technologies, LLC, appellees.

___ N.W.2d ___

Filed May 11, 2018.    No. S-17-885.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.
2. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.
3. **Actions: Pleadings: Notice.** Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.
4. **Actions: Pleadings.** The rationale for a liberal notice pleading standard in civil actions is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage.

Appeal from the District Court for Lancaster County: Darla S. Ideus, Judge. Reversed and remanded for further proceedings.

Elizabeth Ryan Cano and John P. Weis, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellants.

Brian S. Kruse, of Rembolt Ludtke, L.L.P., for appellees.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ., and RIEDMANN, Judge, and MARTINEZ, District Judge.

MILLER-LERMAN, J.

## NATURE OF CASE

This appeal arises from a disputed real estate transaction. Appellants, Todd A. Burklund and Shelly M. Burklund, sought damages for breach of contract, breach of warranty, and fraudulent misrepresentation after discovering extensive hail damage to the roof of a real property they were under contract to purchase from appellees, Brad Fuehrer and Structure Technologies, LLC (the sellers). The district court for Lancaster County granted the sellers' joint motion to dismiss for failure to state a claim and dismissed the second amended complaint with prejudice and without leave to amend based on the "fact" that the damage was reasonably ascertainable by the Burklunds. The Burklunds appeal. We reverse the district court's dismissal and remand the cause for further proceedings.

## FACTS

On August 11, 2016, the Burklunds entered into a real estate purchase agreement (the Purchase Agreement) with the sellers for the purchase of real property in Lincoln, Nebraska (the Property). The Purchase Agreement included a lease-back provision whereby the Burklunds agreed to lease the Property, including a building located on the premises, to the sellers for a period of 1 year, with a 1-year renewal option, in consideration for monthly rent in the amount of $4,000. The Purchase Agreement included several addendums which were executed on the same day.

The Burklunds planned to purchase the Property, in part, to use it as part of a tax-deferred exchange under the Internal Revenue Code, I.R.C. § 1031 (2006) (i.e., a like-kind

exchange). In May 2016, the Burklunds had sold a different property, the proceeds of which sale they placed into escrow to accomplish the like-kind exchange. To complete the like-kind exchange, the Burklunds needed to close on a new property no later than November 1. The Burklunds selected the Property for that purpose, and arranged for an initial closing date of October 6. To this end, addendum No. 4 to the Purchase Agreement provides, in relevant part:

> A material part of the consideration for [the Burklunds'] purchasing the Property is that [the Burklunds] intend[] to qualify this transaction as part of a tax-deferred exchange under Section 1031 of the Internal Revenue Code. . . . No additional expense or liability will be incurred by the [sellers] as a result of this like-kind exchange.

On September 29, 2016, the sellers informed the Burklunds, for the first time, that the roof of the building on the Property sustained hail damage earlier in the year; that Structure Technologies, LLC, received $39,000 from an insurance claim for that hail damage; and that the roof was not repaired. The hail damage occurred and the insurance claim was resolved before the parties executed the Purchase Agreement. The Burklunds requested to delay closing to inspect the roof.

The Burklunds' subsequent inspections revealed that the roof had received substantial hail damage. The Burklunds learned that while they could obtain insurance for the building, future damage to the roof would not be covered. The Burklunds alleged that the inability to fully insure the building would prevent them from renting the Property at an agreed-upon amount of $4,000 per month.

The Burklunds alleged that in the Purchase Agreement, the sellers warranted that they had already disclosed to the Burklunds "all defects that would 'significantly alter' the 'desirability'" of the building. Brief for appellants at 7. The relevant contract provisions are as follows:

7. Condition of Property. This Agreement is based upon the [Burklunds'] inspection or investigation of [the] Property. [They] agree[] to accept [the] Property in its present condition, except as provided in this Agreement. [The sellers] represent[] that to the best of [their] knowledge, there are no defects in the Property that (1) are not reasonably ascertainable and which significantly affect the desirability or value of the Property, or (2) which the [sellers have] not disclosed to [their] Agent in writing.

Addendum No. 1 provides, in relevant part:

1. Due Diligence. Prior to closing [the Burklunds] shall have the right to conduct any inspections, and/or tests [they] deem[] necessary . . . . In the event that [they] discover[] any condition or circumstance with respect to the [P]roperty which is unacceptable to [them] in [their] sole discretion, [they] may terminate the Purchase Agreement at any time.

Following the discovery of the extensive roof damage and its impact on insurability, the Burklunds asked to proceed with closing due to the requirements of the like-kind exchange, but demanded that the sellers either replace the roof with the insurance funds or escrow the funds for repairs. According to the second amended complaint, on October 6, 2016, Fuehrer represented to the Burklunds' real estate agent that he would replace the roof. No such action was taken by November 1, and the closing did not occur. The Burklunds did not benefit from their planned tax-deferred exchange and thereafter filed suit.

The Burklunds' initial complaint filed in 2016 against Fuehrer; Structure Technologies, LLC; and Pamela A. Manske was dismissed after a hearing on February 14, 2017. The district court granted leave to the Burklunds to file an amended complaint within 20 days. The Burklunds filed a first amended complaint on March 3. On March 8, the sellers filed a motion to

dismiss under Neb. Ct. R. Pldg. § 6-1112(b)(6). The Burklunds then sought leave to file a second amended complaint under Neb. Ct. R. Pldg. § 6-1115 by stipulation of the parties. The district court granted leave, and the Burklunds filed a second amended complaint on April 20. The second amended complaint named only Fuehrer and Structure Technologies as defendants, and the district court dismissed Manske without prejudice. The second amended complaint alleged breach of contract, breach of warranty, and fraudulent misrepresentation. The Purchase Agreement and addendum No. 4 were attached to the second amended complaint.

The sellers reinitiated their joint motion to dismiss in which they contended that the second amended complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted. At the hearing on the motion to dismiss, the district court received additional addendums executed simultaneously with the Purchase Agreement.

In a July 21, 2017, order, the district court first determined that the receipt of addendums to the contract that was the subject of the suit did not convert the motion to a motion for summary judgment. The district court then sustained the motion to dismiss with prejudice for failure to state a claim. The district court reasoned that the Purchase Agreement "clearly states it is based upon the [Burklunds'] inspection or investigation of the [P]roperty and [the Burklunds] agreed to accept the [P]roperty in its present condition unless otherwise provided in the Agreement" and that "the damage was obviously reasonably ascertainable as a subsequent roof inspection by [the Burklunds] disclosed the hail damage." Finally, the district court determined that the remedy of damages sought by the Burklunds was unavailable under the contract because, according to the district court, the "[Purchase] Agreement specifically gives [the Burklunds] the option to terminate the [Purchase] Agreement."

The Burklunds appeal.

## ASSIGNMENTS OF ERROR

On appeal, the Burklunds claim that the district court erred when it (1) dismissed the second amended complaint based on its determination that the complaint failed to state a claim for fraudulent misrepresentation, breach of contract, and breach of warranty and (2) determined that rescission is the only remedy available.

## STANDARDS OF REVIEW

[1,2] An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting all allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017). To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Id*. In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim. *Id*.

## ANALYSIS

### Review of Orders of Dismissal

The Burklunds claim that the district court erred when it granted the motion to dismiss with prejudice for failure to state a claim. When reviewing an order dismissing a complaint, an appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusions. *Rodriguez v. Catholic Health Initiatives*, 297 Neb. 1, 899 N.W.2d 227 (2017). Accordingly, for the purpose of reviewing the court's dismissal of the second amended complaint, the facts that we have set out in this opinion are the facts as alleged by the Burklunds, which we accept as true.

[3,4] Nebraska is a notice pleading jurisdiction. Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted. *Id*. The rationale for this liberal notice pleading standard in civil actions is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage. *Id*.

As we explain below, we determine that the Burklunds' second amended complaint contains allegations of facts which are sufficient to state a claim for relief which is plausible on its face. Accordingly, we reverse the district court's order of dismissal.

### Breach of Contract, Breach of Warranty, and Fraudulent Misrepresentation

In their second amended complaint, the Burklunds alleged breach of contract, fraudulent misrepresentation, and breach of warranty. The Burklunds' claims are based on their interpretation of paragraph 7 of the Purchase Agreement. As set forth above, paragraph 7 provides, "[The sellers] represent[] that to the best of [their] knowledge, there are no defects in the Property that (1) are not reasonably ascertainable and which significantly affect the desirability or value of the Property, or (2) which the [sellers have] not disclosed to [their] Agent in writing." The Burklunds contend that they are entitled to relief both because (1) there are defects in the Property which were not reasonably ascertainable and which significantly affect the desirability of the Property and (2) the sellers had not disclosed defects in the Property. Without commenting on the Burklunds' reading of paragraph 7, we conclude that the Burklunds' claims are plausible.

In its July 21, 2017, order, the district court characterized the second amended complaint as admitting the "fact"

that the roof damage was "reasonably ascertainable" by the Burklunds because it was ascertained upon subsequent inspections. Contrary to the district court's reading of the second amended complaint, the Burklunds' allegation that they ultimately ascertained the extent of the roof damage before closing does not necessarily mean they admitted the defect was "reasonably" ascertainable.

In their second amended complaint, the Burklunds alleged only that "[t]hrough the course of the [Burklunds'] inspection, it was determined that the roof had received substantial hail damage." The Burklunds further described an "investigation" into the Property's insurability following the sellers' disclosure of unrepaired hail damage and collection on an insurance claim. The reasonable inferences of the second amended complaint lack any indication of whether these inspections were the same or beyond what would ordinarily be conducted by a buyer of commercial property.

The sellers urge us to follow *Lucky 7 v. THT Realty*, 278 Neb. 997, 775 N.W.2d 671 (2009), a commercial real estate case with similar facts in which a buyer claimed damages for fraudulent and negligent misrepresentation after discovering that an office building's roof was partially deteriorated in two sections although areas visible from the ground were recently replaced. After a bench trial, the evidence showed that a visual inspection of the weathered and aging roof sections would have made the buyer aware of the deteriorating condition of the building. *Id*. We noted that the record showed that the buyer routinely examined heating and air-conditioning units on roofs, so an inspection of this roof did not pose a hardship and was reasonable under the circumstances for an experienced purchaser of commercial buildings. *Id*. In that case, we concluded that a commercial buyer was not justified in forgoing routine visual real estate inspections and relying on a seller's representations about a property.

Although the allegations here resemble many facts developed after trial in *Lucky 7*, we lack the facts at this stage

from which we may draw conclusions about whether the contract was breached by the sellers. And contrary to the district court's apparent "finding," the second amended complaint does not contain factual allegations from which a court can determine that the damage to the roof was "reasonably ascertainable" under paragraph 7 of the Purchase Agreement, because, as we have noted above, the nature and extent of the inspections conducted by the Burklunds and the background on ordinary business practice are not contained within that pleading.

The centerpiece of the Burklunds' case is the allegation that contrary to the truth, the sellers promised that the Property was free from defects because either the defects were reasonably ascertainable or the sellers had disclosed the defects, and in addition, the sellers represented they would repair the roof, but failed to do so.

As we read the second amended complaint, it contains allegations of facts which are sufficient to state a claim for relief under breach of contract or breach of warranty primarily related to paragraph 7 of the Purchase Agreement. Likewise, the Burklunds' claim for fraudulent representation as alleged is plausible on its face. See *InterCall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 815, 824 N.W.2d 12, 23 (2012) ("[w]hether a party's reliance upon a misrepresentation was reasonable is a question of fact"). Accordingly, we reverse the district court's order of dismissal.

## AVAILABILITY OF REMEDIES

For their second assignment of error, the Burklunds claim that the district court erred when it determined that even if the Burklunds were successful on one of their claims, their only remedy was to terminate the Purchase Agreement. We make no comment on the correctness of the district court's conclusions concerning the availability of remedies. Because the district court incorrectly concluded that the second amended complaint failed to state a cause of action and its decision is

reversed, the district court's reasoning about damages falls with the order and the consideration of availability of damages is premature.

## CONCLUSION

Accepting the facts in the second amended complaint as true, we determine that the Burklunds alleged sufficient facts to state claims which are plausible on their face. Thus, we determine that the district court erred when it granted the sellers' motion to dismiss and dismissed the Burklunds' case. We reverse the decision of the district court and remand the cause for further proceedings.

Reversed and remanded for
further proceedings.