Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/23/2018 12:11 AM CST

Kathleen Chafin, appellant, v. Wisconsin Province
of the Society of Jesus and the Catholic
Archdiocese of Omaha, appellees.

___ N.W.2d ___

Filed September 21, 2018.    No. S-17-1059.

1. **Appeal and Error.** To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.

2. **Motions to Dismiss: Pleadings: Appeal and Error.** An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

3. **Limitations of Actions: Fraud.** An action for fraud does not accrue until there has been a discovery of the facts constituting the fraud, or facts sufficient to put a person of ordinary intelligence and prudence on an inquiry, which, if pursued, would lead to such discovery.

4. **Limitations of Actions: Pretrial Procedure.** Discovery, as applied to the statute of limitations, occurs when one knows of the existence of an injury or damage and not when he or she has a legal right to seek redress in court.

5. **Limitations of Actions: Pleadings: Proof.** If the complaint on its face shows that the cause of action is time barred, the plaintiff must allege facts to avoid the bar of the statute of limitations and, at trial, has the burden to prove those facts.

6. **Fraud: Estoppel: Limitations of Actions: Proof.** In order to successfully assert the doctrine of fraudulent concealment and thus estop the defendant from claiming a statute of limitations defense, the plaintiff must show the defendant has, either by deception or by a violation of a duty, concealed from the plaintiff material facts which prevent the plaintiff from discovering the misconduct.

7. **Fraud: Pleadings: Time.** Allegations of fraudulent concealment for tolling purposes must be pleaded with particularity.

- 95 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
CHAFIN v. WISCONSIN PROVINCE SOCIETY OF JESUS
Cite as 301 Neb. 94

8. **Motions to Dismiss: Fraud: Pleadings: Proof.** In order to survive a motion to dismiss, a complaint alleging fraudulent concealment must plead with particularity how material facts were concealed to prevent the plaintiff from discovering the misconduct and how, through due diligence, the plaintiff failed to discover his or her injury.

9. **Pleadings: Words and Phrases.** Pleading facts with particularity means the who, what, when, where, and how: the first paragraph of any newspaper story.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Thomas C. Dorwart and Benjamin E. Maxell, of Govier, Katskee, Suing & Maxell, P.C., L.L.O., for appellant.

James J. Frost, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellee Wisconsin Province of the Society of Jesus.

Patrick M. Flood and Lisa M. Meyer, of Pansing, Hogan, Ernst & Bachman, L.L.P., for appellee Catholic Archdiocese of Omaha.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

CASSEL, J.

## INTRODUCTION

Kathleen Chafin sued two religious organizations, alleging that when she gave birth, these organizations kidnapped her newborn son and fraudulently concealed his adoption. Based upon the statute of limitations, the district court dismissed her amended complaint. Chafin contends that her allegation of fraudulent concealment tolled the statute. Because a pleading rule requires the facts of fraudulent concealment to be stated with particularity and because Chafin pled mere legal conclusions, dismissal was correct. Therefore, we affirm.

## BACKGROUND

### 1969 Adoption

Because of the procedural posture, we state facts as alleged in the amended complaint. And at this stage, we are required to assume that these allegations are true. Chafin gave birth to a son in 1969, who was then put up for adoption through the Wisconsin Province of the Society of Jesus and the Catholic Archdiocese of Omaha (collectively the Church). Chafin alleges that her son was fraudulently adopted without her consent and that the Church concealed this fraud over 40 years, until Chafin reunited with her son in 2015.

In 1968, Chafin discovered she was pregnant and left college to return home to Omaha, Nebraska. After the discovery of the pregnancy, Father Thomas A. Halley "forced" Chafin to sign a contract for room and board in a residence for young unmarried pregnant women. The complaint alleges that "the end-game in this process was to provide babies for compliant couples in good standing with the [Church] under for-profit fraudulent adoptions."

While at the residence, Chafin arranged for her grandmother "to rescue her from this nightmare" of the residence. Before Chafin's grandmother arrived, Chafin went into labor and the baby was immediately "taken" from her.

We set forth the allegations of fraudulent concealment in the analysis section below.

### Motion to Dismiss

The Church moved to dismiss the amended complaint for failure to state a claim. The district court determined that the allegations failed to toll the statute of limitations for various reasons. It reasoned that the amended complaint failed to plead sufficient facts to overcome the statute of limitations. The court granted the motion and dismissed the claims with prejudice.

Chafin filed a timely appeal, which we moved to our docket.[1]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

- 97 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
301 NEBRASKA REPORTS
CHAFIN v. WISCONSIN PROVINCE SOCIETY OF JESUS
Cite as 301 Neb. 94

## ASSIGNMENTS OF ERROR

Chafin assigns generally that the district court erred (1) in dismissing her amended complaint and (2) in evaluating its merits.

[1] But Chafin's argument is quite limited. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.[2] Chafin argues only that the fraudulent concealment of the adoption persisted until she discovered her son in 2015, therefore tolling the statute of limitations. Thus, we confine her assignment of error to her specific argument regarding fraudulent concealment.

## STANDARD OF REVIEW

[2] An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.[3]

## ANALYSIS

### STATUTE OF LIMITATIONS

The Church asserts that Chafin's claims are barred by a 4-year statute of limitations. Neb. Rev. Stat. § 25-207(3) (Reissue 2016) sets forth a 4-year statute of limitations for "an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated." Although a claim under § 25-207 can be asserted at the time the cause of action accrued, "an action for relief on the ground of fraud . . . shall not be deemed to have accrued until the discovery of the fraud."[4]

[3,4] An action for fraud does not accrue until there has been a discovery of the facts constituting the fraud, or facts

---

[2] *In re Interest of Nicole M.*, 287 Neb. 685, 844 N.W.2d 65 (2014); *Carlson v. Allianz Versicherungs-AG*, 287 Neb. 628, 844 N.W.2d 264 (2014).

[3] *Burklund v. Fuehrer*, 299 Neb. 949, 911 N.W.2d 843 (2018).

[4] § 25-207(4).

- 98 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
CHAFIN v. WISCONSIN PROVINCE SOCIETY OF JESUS
Cite as 301 Neb. 94

sufficient to put a person of ordinary intelligence and prudence on an inquiry, which, if pursued, would lead to such discovery.[5] Discovery, as applied to the statute of limitations, occurs when one knows of the existence of an injury or damage and not when he or she has a legal right to seek redress in court.[6]

Unless Chafin sufficiently pled fraudulent concealment, the statute of limitations began to run in 1969 when Chafin discovered the existence of her injury. At that point, Chafin knew that the Church facilitated the adoption, knew that the child never returned to her, and knew she was injured by the adoption because she was not allowed to keep her son. At the time of her child's birth, Chafin was aware of her injury and sufficient facts to put a person of ordinary intelligence and prudence on inquiry. From these facts, Chafin knew who allegedly committed the fraud, what was done, where it was done, how it was done, and when her injury from the fraud occurred.

## Tolling by Fraudulent
## Concealment

[5,6] Chafin asserts that fraudulent concealment tolls the statute of limitations. If the complaint on its face shows that the cause of action is time barred, the plaintiff must allege facts to avoid the bar of the statute of limitations and, at trial, has the burden to prove those facts.[7] In order to successfully assert the doctrine of fraudulent concealment and thus estop the defendant from claiming a statute of limitations defense, the plaintiff must show the defendant has, either by deception

---

[5] *Fitzgerald v. Community Redevelopment Corp.*, 283 Neb. 428, 811 N.W.2d 178 (2012).

[6] *Andres v. McNeil Co.*, 270 Neb. 733, 707 N.W.2d 777 (2005). See, also, *Alston v. Hormel Foods Corp.*, 273 Neb. 422, 730 N.W.2d 376 (2007); *Kalkowski v. Nebraska Nat. Trails Museum Found.*, 20 Neb. App. 541, 826 N.W.2d 589 (2013) (applying general discovery rule to discovery of fraud).

[7] See *Lindner v. Kindig*, 285 Neb. 386, 826 N.W.2d 868 (2013).

- 99 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
CHAFIN v. WISCONSIN PROVINCE SOCIETY OF JESUS
Cite as 301 Neb. 94

or by a violation of a duty, concealed from the plaintiff material facts which prevent the plaintiff from discovering the misconduct.[8] Under the doctrine of fraudulent concealment, the plaintiff must show that he or she exercised due diligence to discover his or her cause of action before the statute of limitations expired.[9]

### Pleading Fraudulent Concealment
### With Particularity

In order to determine whether an allegation of fraudulent concealment is sufficient to survive a motion to dismiss, we must determine the proper pleading standard. The Church contends that a specific pleading rule controls.

"In all averments of fraud, . . . the circumstances constituting fraud . . . shall be stated with particularity."[10] The heightened pleading requirement stems from the practice at common law and under the codes and "imparts a note of seriousness and encourages a greater degree of pre-institution investigation by the plaintiff."[11]

[7] Because we have not specifically considered whether § 6-1109(b) applies to pleading fraudulent concealment to avoid a statutory bar and because the Nebraska Court Rules of Pleading in Civil Cases are modeled after the Federal Rules of Civil Procedure, we may look to federal decisions for guidance.[12] The Eighth Circuit determined that "allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity."[13] While we are not

---

[8] *Andres v. McNeil Co., supra* note 6.

[9] *Id.*

[10] Neb. Ct. R. Pldg. § 6-1109(b) (rev. 2008).

[11] See 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1296 at 31 (3d ed. 2004).

[12] See *Ichtertz v. Orthopaedic Specialists of Neb.*, 273 Neb. 466, 730 N.W.2d 798 (2007).

[13] *Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007).

- 100 -

Nebraska Supreme Court Advance Sheets
301 Nebraska Reports
CHAFIN v. WISCONSIN PROVINCE SOCIETY OF JESUS
Cite as 301 Neb. 94

bound to follow this decision, we are persuaded by the Eighth Circuit's reasoning. Moreover, at oral argument, Chafin effectively conceded that the "particularity" requirement applies to fraudulent concealment. We now hold that allegations of fraudulent concealment for tolling purposes must be pleaded with particularity.

[8,9] In order to survive a motion to dismiss, a complaint alleging fraudulent concealment must plead with particularity how material facts were concealed to prevent the plaintiff from discovering the misconduct and how, through due diligence, the plaintiff failed to discover his or her injury.[14] "'This means the who, what, when, where, and how: the first paragraph of any newspaper story.'"[15]

Chafin's brief argued that she "pled specific facts that support her further allegation that the original fraud regarding the illegal taking of her baby was fraudulently concealed by the [Church] until 2015."[16] At oral argument, she again claimed to have alleged specific facts.

So, what did Chafin plead to meet this requirement? Only four statements in the amended complaint purport to address the period from 1969 to 2015. These were:

• The Church "covered-up and concealed facts and witnesses necessary to pursue and [sic] action against them."

• The concealment continued from the birth of her son until they were reunited in 2015.

• The Church "continued in their fraudulent adoption and fraudulently covered up and concealed from Chafin any facts that would have put her on notice of the adoption fraud and, therefore, Chafin was unable to discover the necessary relevant facts to put her on notice of the adoption fraud perpetrated against her."

---

[14] See *Andres v. McNeil Co., supra* note 5.

[15] *Great Plains Trust Co. v. Union Pacific R. Co., supra* note 13, 492 F.3d at 995 (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624 (7th Cir. 1990)).

[16] Brief for appellant at 6.

• Chafin was unaware of her claims until 2015 as a result of the Church's "deceptions, cover-up, concealment, misrepresentations, illegal suppression of evidence and destruction of evidence," and remained unaware of potential legal claims because of the concealment.

But all of these allegations are mere legal conclusions. As to fraudulent concealment, the amended complaint simply does not tell us the who, what, when, where, and how. Because Chafin failed to particularly allege fraudulent concealment, the statute of limitations did not toll. Thus, long before 2015, her claims were time barred.

## CONCLUSION

We conclude that Chafin's claims are barred by the statute of limitations. We therefore affirm the order of the district court granting the motion to dismiss her amended complaint with prejudice.

Affirmed.