IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


INFANTE V. CITY OF HASTINGS


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


ALMA ROSA INFANTE, APPELLANT,

V.

CITY OF HASTINGS, NEBRASKA, ET AL., APPELLEES.


Filed November 12, 2019.    No. A-19-211.


Appeal from the District Court for Adams County: STEPHEN R. ILLINGWORTH, Judge. Affirmed.

Terry K. Barber, of Barber & Barber, P.C., L.L.O., for appellant.

Kari A.F. Scheer and Jerry L. Pigsley, of Woods & Aitken, L.L.P., for appellees.


MOORE, Chief Judge, and BISHOP and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Alma Rosa Infante appeals from an order of dismissal entered by the district court for Adams County. The district court found that the seven state law tort claims Infante raised in her complaint were barred by the statute of limitations and, thus, dismissed her complaint with prejudice. Infante filed a motion to alter or amend the judgment pursuant to Neb. Rev. Stat. § 25-1329 (Reissue 2016), which motion the court denied. On appeal, Infante argues that her complaint is sufficient under our notice pleading standard and shows that her claims involve an ongoing course of conduct. She therefore argues that her claims are not barred by the relevant statute of limitations and that she ought to have been provided an opportunity to amend her pleading. For the reasons that follow, we affirm.

BACKGROUND

According to Infante's complaint filed on May 17, 2017, a disturbance occurred at a home in Hastings, Nebraska, to which a number of Hastings police officers responded, including the named defendants: Rick Schmidt, Raelee Van Winkle, Jerry Esch, Michael Doremus, Kelly Scarlett, and Allen Sedlak. The disturbance occurred on August 13, 2011. Members of Infante's family were involved in the disturbance, and Infante arrived at the home, purportedly in order to help settle the disturbance. She spoke with several people involved and attempted to determine what had caused the disturbance. Officers ended up arresting Infante's nephew, who was charged with two counts of domestic assault in relation to the disturbance.

The complaint further alleges that on August 15, 2011, Doremus told an alleged cooperating witness who was involved in the disturbance, "Maybe if we put pressure on them and you put enough pressure on them, they'll get the hell out of this neighborhood." Infante observed interviews conducted by the Hastings police officers and was under the impression that they coached witnesses in order to build a case against her nephew. Infante noted in her complaint that she and her family members are Hispanic.

On December 29, 2011, Infante was arrested pursuant to a warrant for conspiracy and witness tampering. Along with four family members, Infante was charged with felony counts of conspiracy and witness tampering arising out of the August 13 disturbance. Infante contends that "her actions were limited to encouraging younger family members and their friends and acquaintances to be truthful." While one of Infante's family members was acquitted after a jury trial, Infante and her three other family members filed pleas in abatement. On October 5, 2012, the district court dismissed the charges against Infante, finding that the receipt of only affidavit evidence during her preliminary hearing in county court was insufficient as live witness testimony was required.

Infante has previously filed at least two related cases, not including the present matter. She filed her first case on October 6, 2014. All prior cases noted in our record were dismissed.

Infante filed the present complaint against the City of Hastings (the City) and its police officers on May 17, 2017. She alleged eight causes of action: malicious prosecution, false imprisonment, negligence, intentional infliction of emotional distress, libel and slander, false light publicity, acting in concert to engage in false light publicity, and a constitutional violation arising under 42 U.S.C. § 1983. With respect to timing, Infante alleges in her complaint:

This case arises out of a course of conduct that began on or about August, 2011, and continued at least through October 5, 2012, as well as many other instances of a similar vein occurring routinely both before and after those dates, all of which constitute a course of conduct.

On the City's motion, the case was removed to the federal district court, which denied Infante's constitutional claim under 42 U.S.C. § 1983 with prejudice. See *Infante v. City of Hastings, Nebraska*, No. 8:17CV3163, 2018 WL 1732155 (D. Neb. Apr. 9, 2018). The federal district court found that, "[m]uch like her complaints in previous cases based on the same occurrence," she again failed in the present matter to allege sufficient facts in support of her claims

that any constitutional violations were the result of an official City policy, unofficial custom, or deliberately indifferent failure to train or supervise. The federal district court declined to exercise supplemental jurisdiction over Infante's state law claims and therefore remanded the matter to the district court for Adams County to consider the seven remaining state law claims.

On May 18, 2018, the City filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) and a motion to stay discovery. The City argued that Infante's seven remaining state law causes of action were tort claims falling under the Political Subdivisions Tort Claims Act (PSTCA), Neb. Rev. Stat. §§ 13-901 to 13-928 (Reissue 2012), and therefore barred by the PSTCA's 2-year statute of limitations. On August 2, a brief hearing was held on the City's motions.

On November 6, 2018, the district court dismissed Infante's complaint with prejudice. The court found that Infante's seven state law claims were subject to the PSTCA's 2-year statute of limitations under § 13-919(1). The court further found that Infante alleged no facts after October 5, 2012, meaning her suit filed on May 17, 2017, was barred by the statute of limitations.

On November 15, 2018, Infante filed a motion to alter or amend judgment pursuant to § 25-1329. The district court found no hearing was necessary and overruled her motion on January 28, 2019. Infante now appeals.

## ASSIGNMENTS OF ERROR

Infante assigns that the district court erred in dismissing her complaint for failing to state a plausible claim of action and in not allowing her to amend her complaint.

## STANDARD OF REVIEW

An appellate court reviews a district court's order granting a motion to dismiss de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Vasquez v. Chi Properties*, 302 Neb. 742, 925 N.W.2d 304 (2019).

An appellate court reviews a district court's denial of a motion for leave to amend a complaint for an abuse of discretion. *Eadie v. Leise Properties*, 300 Neb. 141, 912 N.W.2d 715 (2018). However, an appellate court reviews de novo an underlying legal conclusion that the proposed amendments would be futile. *Id*.

## ANALYSIS

*Dismissal for Failure to State Claim.*

Infante first argues that the district court erred in granting the City's motion to dismiss her complaint for failure to state a plausible claim. She argues that she stated sufficient facts in her complaint to demonstrate a plausible claim that satisfies our state's liberal notice pleading requirements. The City argues in reply that Infante's claims are time-barred. Alternatively, the City argues that Infante failed to state a claim upon which relief can be granted. For the reasons that follow, we find that the district court was proper in dismissing Infante's action.

Nebraska is a notice pleading jurisdiction. *Burklund v. Fuehrer*, 299 Neb. 949, 911 N.W.2d 843 (2018). Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair

notice of the claims asserted. *Id*. The rationale for this liberal notice pleading standard in civil actions is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage. *Id*.

Thus, to prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Vasquez v. Chi Properties, supra*. Dismissal under § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Vasquez v. Chi Properties, supra*. We review the district court's determination as to whether the plaintiff has stated a claim de novo, accepting as true all facts that are well pled and the proper and reasonable inferences of law and fact that may be drawn therefrom, but not the plaintiff's conclusions. *Id*.

The PSTCA reflects a limited waiver of governmental immunity and prescribes the exclusive procedure for maintenance of a tort claim against a political subdivision or its officers, agents, or employees. § 13-902; *Reiber v. County of Gage*, 303 Neb. 325, 928 N.W.2d 916 (2019). Where an officer or employee of a political subdivision is sued in his or her individual capacity, but is acting within the scope of his or her employment as a government official, the PSTCA applies, and the individual is immune unless the State has expressly waived its sovereign immunity. *Reiber v. County of Gage, supra*. In order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the complaint; otherwise, it will be assumed that the defendant is being sued only in his or her official capacity. *SID No. 1 v. Adamy*, 289 Neb. 913, 858 N.W.2d 168 (2015).

Under § 13-910(7), the PSTCA does not apply to any claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, or misrepresentation. The exceptions set forth in § 13-910 are affirmative sovereign immunity defenses to claims brought pursuant to the PSTCA. *Harris v. Omaha Housing Auth.*, 269 Neb. 981, 698 N.W.2d 58 (2005). Therefore, if a political subdivision proves that a plaintiff's claim comes within an exception pursuant to § 13-910, then the claim fails based on sovereign immunity, and the political subdivision is not liable. *Harris v. Omaha Housing Auth., supra.*

Through enactment of § 13-916, the Legislature allowed a political subdivision to waive immunity to some extent by purchasing liability insurance. *City of Lincoln v. County of Lancaster*, 297 Neb. 256, 898 N.W.2d 374 (2017). In relevant part, § 13-916 provides that a political subdivision may purchase insurance covering claims specifically excepted from the PSTCA's coverage by § 13-910. Importantly, the procurement of insurance shall constitute a waiver of the defense of governmental immunity as to those exceptions listed in § 13-910 to the extent and only to the extent stated in such policy. § 13-916. Under our statute, the terms of the liability policy determine whether immunity is waived. *City of Lincoln v. County of Lancaster, supra*.

In the present case, Infante's claims fall within the PSTCA because she makes tort claims against the City and its employees, presumably in their official capacity because she does not specify otherwise. Some of Infante's claims are specifically excepted from the PSTCA's coverage by § 13-910(7), namely malicious prosecution, false imprisonment, libel and slander, and her false light claims. Infante's complaint alleges the existence of liability insurance such that the City waived immunity under § 13-916. In reviewing this matter on appeal, we accept as true all facts

that are well pled and the proper and reasonable inference of law and fact that may be drawn therefrom. *Vasquez v. Chi Properties, supra*. Therefore, despite no evidence in our record of any insurance policy obtained by the City, we nevertheless consider as true Infante's allegation that the city waived immunity under § 13-916 by virtue of having purchased liability insurance.

If the City is not immune from Infante's suit, then her suit must be brought pursuant to the PSTCA because it provides the exclusive procedure for maintenance of a tort action against a city or its employees. Accordingly, the PSTCA's statute of limitations also governs Infante's suit. Section 13-919(1) outlines the timing requirements for claims under the PSTCA and states, in relevant part:

> Every claim against a political subdivision permitted under [PSTCA] shall be forever barred unless within one year after such claim accrued the claim is made in writing to the governing body. Except as otherwise provided in this section, all suits permitted by the act shall be forever barred unless begun within two years after such claim accrued.

Generally, a cause of action accrues and the period of limitations begins to run upon the violation of a legal right, that is, when the aggrieved party has the right to institute and maintain suit. *Weyh v. Gottsch*, 303 Neb. 280, 929 N.W.2d 40 (2019).

Infante's allegations center on a "course of conduct" by the City employees that "continued at least through October 5, 2012." She alleges no facts that occur after October 5, 2012. Even though Infante contends that the City's so-called "course of conduct" falls within the statute of limitations under the continuing tort doctrine, she offers no support of her general allegation in the complaint that "many other instances of a similar vein occurred routinely both before and after those dates."

The latest date that Infante makes a facially plausible allegation of the City's wrongdoing is October 5, 2012, and, under our standard of review on appeal, we accept this allegation as true. That means Infante would have needed to begin this action within 2 years of October 5, 2012, in order to survive the PSTCA's statute of limitations. However, she did not begin the present action until filing her complaint on May 17, 2017, meaning her present suit is forever barred by the PSTCA's statute of limitations.

We note for the sake of completeness that, while Infante's complaint and arguments on appeal are all predicated on the PSTCA's applicability, her claims are time-barred even if the insurance waiver was deemed to remove the case from the time bar specified by the PSTCA. Under Neb. Rev. Stat. § 25-207 (Reissue 2016), tort claims are subject to a 4-year statute of limitations unless otherwise specified. See, also, *Kant v. Altayar*, 270 Neb. 501, 704 N.W.2d 537 (2005) (intentional infliction of emotional distress); *Keith v. Data Enters.*, 27 Neb. App. 23, 925 N.W.2d 723 (2019) (negligence). Section 25-208 specifies that actions for libel and slander must be brought within 1 year.

Because Infante's suit was not filed until May 17, 2017, more than 4 years after the latest allegation of the City's wrongdoing on October 5, 2012, her claims are time barred under even the lengthiest statute of limitations for her claims if they were not subject to the PSTCA. Therefore, the district court properly dismissed her suit because there was an insuperable time bar to relief. We affirm the district court's order of dismissal.

*Denial of Amendment.*

A district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated. *Eadie v. Leise Properties, supra*. As a general rule, when a court grants a motion to dismiss for failure to state a claim, a party should be given leave to amend absent undue delay, bad faith, unfair prejudice, or futility. Granting leave to amend is consistent with the rationale for the liberal pleading standard in civil cases discussed above. *Id*. However, leave to amend should not be granted when it is clear that the defect cannot be cured by amendment. *Id*.

Infante confines her argument on appeal to saying that she "should have been allowed the opportunity to cure any deficiency in her Complaint." Brief for appellant at 18; reply brief for appellant at 11. The most obvious deficiency in her complaint is the absence of facts that bring her claim filed on May 17, 2017, within the PSTCA's 2-year statute of limitations. Infante's claim arises from a disturbance that occurred on August 13, 2011. She alludes to a course of improper conduct by Hastings police officers that lasted from the incident on August 13 through her arrest on December 29 until the dismissal of charges against her and her family members on October 5, 2012. Infante's filings demonstrate that she can name no further interactions with Hastings police officers arising out of the August 13, 2011, disturbance that forms the basis of her complaint. Because Infante's interactions with Hastings police officers as a result of the disturbance concluded on October 5, 2012, at the latest, no amendment to her complaint based on that disturbance could bring her suit within the PSTCA's 2-year statute of limitations or the statutes of limitations for ordinary torts, which is a maximum of 4 years. Amendment would therefore be futile. Accordingly, the district court did not abuse its discretion in overruling Infante's motion to alter or amend her complaint, and we affirm.

CONCLUSION

Based on the foregoing, we affirm the district court's order dismissing Infante's complaint. Infante's claims fail to survive the relevant statute of limitations, and thus, she fails to state a plausible claim of action. On the same basis, we further affirm the district court's denial of Infante's motion to alter or amend her complaint.

AFFIRMED.