Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/08/2022 08:06 AM CST

Fred Beekman, appellant, v. Roc Beekman
and Ross Stepan, appellees.

___ N.W.2d ___

Filed March 1, 2022.    No. A-21-307.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

2. **Motions to Dismiss: Jurisdiction: Rules of the Supreme Court: Pleadings: Appeal and Error.** Under the rules for notice pleading, Nebraska appellate courts review matters that were dismissed for lack of subject matter jurisdiction de novo, except for factual findings.

3. **Rules of the Supreme Court: Pleadings: Appeal and Error.** An appellate court reviews the district court's denial of a motion to amend under Neb. Ct. R. Pldg. § 6-1115(a) for an abuse of discretion. However, an appellate court reviews de novo any underlying legal conclusion that the proposed amendments would be futile.

4. **Jurisdiction: Appeal and Error.** It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.

5. **Standing.** The stage of the litigation in which a party claims that its opponent lacks standing affects how a court should dispose of the claim.

6. **Motions to Dismiss: Jurisdiction: Pleadings: Standing: Proof.** If a motion to dismiss for lack of subject matter jurisdiction is filed at the pleadings stage, it is considered a "facial challenge." In resolving a facial challenge, a court will review the pleadings to determine whether there are sufficient allegations to establish the plaintiff's standing. The court will accept the allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party. At the pleadings stage, the standard for determining the sufficiency of a complaint to allege standing is fairly liberal.

7. **Motions to Dismiss: Jurisdiction: Pleadings: Appeal and Error.** An appellate court reviews a trial court's decision on a motion to dismiss

for lack of subject matter jurisdiction based on a facial attack on the pleadings de novo.

8. **Jurisdiction: Pleadings: Evidence: Affidavits: Proof.** If a motion challenging a court's subject matter jurisdiction is filed after the pleadings stage, and the court holds an evidentiary hearing and reviews evidence outside the pleadings, it is considered a "factual challenge." The party opposing the motion must then offer affidavits or other relevant evidence to support its burden of establishing subject matter jurisdiction.

9. **Motions to Dismiss: Jurisdiction: Pleadings: Appeal and Error.** Where the trial court's decision on a motion to dismiss for lack of subject matter jurisdiction is based on a factual challenge, the court's factual findings are reviewed under the clearly erroneous standard.

10. **Actions: Pleadings: Notice.** Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted.

11. **Jurisdiction: Affidavits: Evidence.** If the defendant thinks the district court lacks subject matter jurisdiction, the proper course is to request an evidentiary hearing on the issue. The motion may be supported with affidavits or other documents. If necessary, the district court can hold a hearing at which witnesses may testify. As no statute or rule prescribes a format for evidentiary hearings on jurisdiction, any rational mode of inquiry will do. Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue. The only exception is in instances when the jurisdictional issue is so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.

12. **Actions: Jurisdiction: Pretrial Procedure: Presumptions.** Where the jurisdictional facts are intertwined with the facts central to the merits of the dispute, a presumption of truthfulness should attach to the plaintiff's allegations. In that situation, the defendant has challenged not only the court's jurisdiction but also the existence of the plaintiff's cause of action. A trial court should then afford the plaintiff the procedural safeguards—such as discovery—that would apply were the plaintiff facing a direct attack on the merits.

13. **Parties: Equity: Words and Phrases.** Indispensable parties are parties whose interest is such that a final decree cannot be entered without affecting them, or that termination of controversy in their absence would be inconsistent with equity. There is no discretion as to the inclusion of an indispensable party.

14. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face.

15. **Actions: Pleadings.** The rationale for a liberal notice pleading standard in civil actions is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage.

16. **Pleadings.** In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim.

17. **Fraud: Pleadings.** In order to state a claim for fraudulent misrepresentation under Nebraska law, a plaintiff must allege that (1) a representation was made; (2) the representation was false; (3) when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) the representation was made with the intention that the plaintiff should rely on it; (5) the plaintiff did so rely on it; and (6) the plaintiff suffered damage as a result.

18. **Limitations of Actions: Pleadings: Proof.** Where a complaint does not disclose on its face that it is barred by the statute of limitations, a defendant must plead the statute as an affirmative defense, and, in that event, the defendant has the burden to prove that defense.

19. **Limitations of Actions: Pleadings.** If the complaint does not disclose that it is barred by the statute of limitations, dismissal is improper.

20. ____: ____. A challenge that a pleading is barred by the statute of limitations is a challenge that the pleading fails to allege sufficient facts to constitute a claim upon which relief can be granted.

21. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.

22. **Limitations of Actions: Time: Sales.** The statute of limitations begins to run against a cause of action to recover the purchase price or value of goods sold and delivered at the time of their delivery unless there is some agreement as to the time or manner of payment different from that which the law implies, which is that payment shall be made in cash on delivery. If a term of credit is given to the buyer the statute begins to run when, and only when, the period of credit has expired.

23. **Limitations of Actions: Pleadings.** It is an established principle of pleading that the plaintiff need not in his or her pleading anticipate or negative possible defenses, and accordingly, as a general rule, a plaintiff,

in order to recover, need not affirmatively show in his or her complaint, declaration, petition, or statement of claim, that the cause of action set forth therein is not barred by the applicable statute of limitations, at least, where the bar of the statute does not appear on the face of the plaintiff's pleading, but may leave it to the defendant to assert the bar of the statute at the appropriate stage of the proceeding.

24. **Conversion: Words and Phrases.** Conversion is any unauthorized or wrongful act of dominion exerted over another's property which deprives the owner of his or her property permanently or for an indefinite period of time.

Appeal from the District Court for Gage County: RICKY A. SCHREINER, Judge. Affirmed in part, and in part reversed and remanded for further proceedings.

Lyle Joseph Koenig, of Koenig Law Firm, for appellant.

Erin Ebeler Rolf, of Woods | Aitken, L.L.P., for appellees.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Fred Beekman (Beekman) appeals from the order of the Gage County District Court granting the motion of Roc Beekman (Roc) and Ross Stepan (collectively the Appellees) to dismiss Beekman's complaint alleging breach of contract, unjust enrichment, conversion, and fraudulent misrepresentation and deceit in connection with an alleged oral contract for the sale of quarried rock. For the reasons set forth herein, we reverse that portion of the order which provides the district court lacked subject matter jurisdiction and that portion of the order which finds that Beekman's amended complaint failed to state a claim for which relief could be granted in his breach of contract claim. We affirm the remaining findings in the order. The matter is remanded for further proceedings.

## II. STATEMENT OF FACTS

In August 2016, Beekman sold his quarry business, Barnston Quarry LLC, to the Appellees' business, Rush Creek

Construction, Inc. (Rush Creek). According to Beekman, the contract for the sale of his quarry business did not include the quarried rock; instead, he contends that the quarried rock was negotiated separately and that the parties, in their individual capacities, entered into an oral agreement in which the Appellees agreed to sell the quarried rock, keep track of the sales, and pay Beekman after the quarried rock was sold. After no payments for the quarried rock were forthcoming, Beekman made several demands for payment. After the Appellees refused to pay for the quarried rock, in September 2020, Beekman filed a complaint against the individual Appellees, alleging breach of contract, unjust enrichment, conversion, and fraudulent misrepresentation and deceit.

Beekman's complaint alleged that he sold his quarry business and certain equipment located on the premises to the Appellees' business, Rush Creek. The complaint further alleged that the sale "included certain equipment and quarried rock that was located at various locations on the premises. The sale of the quarr[ied] rock was separately negotiated on that same date between [Beekman] and [the Appellees] as individuals." Beekman alleged that he deliberately entered into the oral contract for the sale of the quarried rock between individuals because he was "well aware of the fact that a business enterprise such as an LLC, or a corporation, is liable for its obligations only to the extent of its assets" and he "specifically dealt with [the Appellees] individually so that he had an opportunity to recover the value of the [quarried] rock." The complaint further alleged that the Appellees paid the amount owed on the contract except for the quarried rock, which Beekman valued at $64,500; that the Appellees agreed to pay for the rock but wanted to measure the piles of quarried rock to determine how much rock was located on the premises; and that the Appellees agreed they would keep track of the quarried rock sales and pay Beekman for the rock after it was sold. Beekman alleged that the Appellees sold the quarried rock and kept the proceeds despite demands for payment. Beekman's complaint

also alleged that the Appellees falsely misrepresented to him that they would purchase the quarried rock, that the Appellees now claim they did not intend to separately purchase the quarried rock, that the Appellees made the false representation intentionally and fraudulently knowing that Beekman would rely upon the misrepresentation, and that he relied on the Appellees' representation which caused him direct and proximate harm in the amount of $64,500.

The Appellees filed a motion to dismiss on the bases that Beekman failed to state a claim for which relief could be granted, that Beekman failed to join a necessary party, that the claim was not brought by the real party in interest, that Beekman's claims violated the statute of frauds, and that the claims were barred by the 4-year statute of limitations. At the hearing on the motion to dismiss, the Appellees offered as an exhibit Roc's affidavit, which the court accepted over Beekman's objection. Roc's affidavit asserted that all payments for the equipment listed on the offer to purchase were made via check by Rush Creek; that no other written documents were attached to that offer letter or otherwise made a part of the agreement to purchase Barnston Quarry's equipment; and that Rush Creek never agreed to purchase rock from Barnston Quarry or from Beekman, nor did Roc agree to it in his individual capacity. The affidavit included, as an attachment, the written offer by Rush Creek to purchase certain assets from Barnston Quarry. The letter was addressed to Barnston Quarry, to the attention of Beekman, and included an offer to purchase specific assets from Barnston Quarry and a plan for two installment payments for the purchase of those assets. The quarried rock was not listed on the offer to purchase. The offer was signed by Roc on behalf of Rush Creek.

In response, Beekman offered his complaint into evidence. Beekman argued that the parties entered into a separate oral agreement for the quarried rock and/or an implied contract, that a performance exception applied to the statute of frauds because the goods were received and accepted, that the claim

could not be dismissed under the statute of limitations because the date the rock was sold by the Appellees was unknown and the date controlled when the trial clock began to run, that all the elements of fraud were stated within the complaint, and that the separate contract was made between the individuals and not the businesses. Thereafter, the district court granted the Appellees' motion to dismiss Beekman's complaint with prejudice. The court found:

> There is no evidence in the record or allegation in the Complaint that [Beekman], rather than Barnston Quarry, owned any of the property at issue in this dispute or entered into any transaction with [the Appellees]. As such, the undisputed evidence demonstrates that [Beekman] is not the real party in interest to bring this [law]suit, that Barnston Quarry and Rush Creek are necessary and indispensable part[ies] to this lawsuit, and the Court is wholly without jurisdiction to decide this case in their absence.

The court based its finding on "the undisputed evidence in the record," consisting of Roc's affidavit, but also noted that the court "would render the same finding under a facial attack without considering [Roc's affidavit]."

Alternatively, the court found other bases for dismissing Beekman's complaint, including failure to state a claim for which relief could be granted in that Beekman's complaint was barred by the statute of frauds, that Beekman failed to plead his fraud claim with particularity, and that each of Beekman's claims was barred by the statute of limitations. Specifically, the court found that Beekman's complaint failed to state a claim for which relief could be granted due to Beekman's failure to allege specific factual assertions, as opposed to mere conclusions, that showed that there was a separate oral contract for the sale of the quarried rock such that the statute of frauds barred Beekman from asserting that there was an oral contract or that an exception to the statute of frauds applied; that Beekman failed to plead his fraud claim with particularity due to his failure to allege whether it was Roc or Stepan

who made the misrepresentation, when it was made, how the alleged wrongdoers made the misrepresentation, or where the misrepresentation was made; and that the statute of limitations barred Beekman's claims because the time began to run on the date of the contract on August 1, 2016. The court denied, sua sponte, any opportunity for Beekman to amend his complaint, noting that although Beekman had three opportunities to sufficiently amend his pleadings to correct defects, he had failed to do so. Beekman has timely appealed to this court.

## III. ASSIGNMENTS OF ERROR

Beekman assigns as error, restated and renumbered, that the district court erred in (1) receiving Roc's affidavit without providing notice that the court converted the motion to dismiss into a motion for summary judgment and failing to draw all reasonable inferences in favor of the nonmoving party in the motion, (2) finding that Beekman was not the real party in interest, (3) determining that Beekman failed to state a claim for a separate contract of the sale of quarried rock and therefore was barred by the statute of frauds, (4) finding that his complaint did not plead fraud with particularity, and (5) finding that his claims were barred by the 4-year statute of limitations.

## IV. STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

[2] Under the rules for notice pleading, Nebraska appellate courts review matters that were dismissed for lack of subject matter jurisdiction de novo, except for factual findings. See *Bohaboj v. Rausch*, 272 Neb. 394, 721 N.W.2d 655 (2006).

[3] An appellate court reviews the district court's denial of a motion to amend under Neb. Ct. R. Pldg. § 6-1115(a) for an abuse of discretion. However, we review de novo any

underlying legal conclusion that the proposed amendments would be futile. *Chaney v. Evnen*, 307 Neb. 512, 949 N.W.2d 761 (2020).

## V. ANALYSIS

[4] Before determining the merits of Beekman's assignments of error, we must first determine whether this court has jurisdiction. It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *J.S. v. Grand Island Public Schools, supra*.

The district court's order reflects two separate bases upon which it found that it lacked subject matter jurisdiction over Beekman's claim. First, the court found that Beekman was not the real party in interest to assert a breach of contract claim involving the sale of the quarried rock. Second, the court found that because the sale necessarily implicated businesses that were involved in the transaction, Beekman's complaint failed to include necessary and indispensable parties. We will examine those findings independently.

### 1. Real Party in Interest

In his complaint, Beekman asserted that he sold his quarry business to the Appellees, which sale included certain equipment and quarried rock. However, Beekman alleged that "the quarr[ied] rock was separately negotiated on that same date between [Beekman] and [the Appellees] as individuals." Beekman went on to claim that the Appellees' failure to pay for the quarried rock that they took possession of, and subsequently sold, amounted to a breach of contract. As to that pleading, the district court found that the Appellees' Neb. Ct. R. Pldg. § 6-1112(b)(1) motion asserted a "factual challenge" to the court's jurisdiction. Because the district court deemed the Appellees' jurisdictional challenge a factual one, it stated "'[i]n a factual challenge, the court may consider and weigh evidence outside of the pleadings to answer the jurisdictional question,'" quoting *Washington v. Conley*, 273 Neb. 908, 734

N.W.2d 306 (2007). The district court then went on to consider, over Beekman's objection, an affidavit offered by Roc and received by the court in connection with its subject matter jurisdiction analysis. The court concluded that on the basis of Roc's affidavit, Beekman was not the real party in interest and the district court lacked subject matter jurisdiction. In the alternative, the court found:

The Court would render the same finding under a facial attack without considering [Roc's affidavit]. Under a facial attack, the Court would be limited to considering the pleadings, matters of public record, and materials that are necessarily embraced by the pleadings. *See Nadeem v. State*, 298 Neb. 329, 334, 904 N.W.2d 244, 249 (Neb. 2017); *DMK Boidiesel, LLC v. McCoy*, 285 Neb. 974, 980, 830 N.W.2d 490, 496 (Neb. 2013).

The district court then found that the offer letter produced by Roc in his affidavit was embraced by the pleadings and could be considered by the court. When read together with the pleadings, the court concluded that Beekman failed to allege sufficient facts to establish he was the real party in interest and that all necessary and indispensable parties had not been joined.

[5-9] In order to review this assigned error, we must first identify the standard by which both the district court and this court can review a jurisdictional challenge raised by a § 6-1112(b)(1) motion. In *Jacobs Engr. Group v. ConAgra Foods*, 301 Neb. 38, 54-55, 917 N.W.2d 435, 451-52 (2018), the Nebraska Supreme Court analyzed that very issue and provided as follows:

Because a defect in standing is a defect in subject matter jurisdiction, a challenge to standing is treated as a motion to dismiss for lack of subject matter jurisdiction brought under Neb. Ct. R. Pldg. § 6-1112(b)(1). We have previously explained that the stage of the litigation in which a party claims that its opponent lacks standing affects how a court should dispose of the claim.

If the motion is filed at the pleadings stage, it is considered a "facial challenge." In resolving a facial challenge, a court will review the pleadings to determine whether there are sufficient allegations to establish the plaintiff's standing. The court will accept the allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party. At the pleadings stage, the standard for determining the sufficiency of a complaint to allege standing is fairly liberal. An appellate court reviews a trial court's decision on a motion to dismiss for lack of subject matter jurisdiction based on a facial attack on the pleadings de novo.

If a motion challenging a court's subject matter jurisdiction is filed after the pleadings stage, and the court holds an evidentiary hearing and reviews evidence outside the pleadings, it is considered a "factual challenge." The party opposing the motion must then offer affidavits or other relevant evidence to support its burden of establishing subject matter jurisdiction. Where the trial court's decision on a motion to dismiss for lack of subject matter jurisdiction is based on a factual challenge, the court's factual findings are reviewed under the clearly erroneous standard.

In this case, the Appellees brought a § 6-1112(b)(1) challenge at the pleading stage. See *Moats v. Republican Party of Neb.*, 281 Neb. 411, 796 N.W.2d 584 (2011) (Miller-Lerman, J., concurring) (complaint and motion to dismiss referenced as at early pleading stage). We need not decide whether the Appellees were limited to a facial challenge at this stage of the proceedings because, as we set forth below, under either a facial challenge or a factual challenge, we find that the district court had subject matter jurisdiction over Beekman's claims.

In its findings, the district court concluded Beekman's complaint failed a facial challenge governing Beekman's standing to bring his claims. In considering that facial challenge, the court considered both the allegations in the complaint and

the offer letter attached to Roc's affidavit which the court concluded was embraced by the pleadings and could be considered by the court, citing *Nadeem v. State*, 298 Neb. 329, 904 N.W.2d 244 (2017). Assuming, without deciding, that the offer letter was embraced by the pleadings and could be considered in connection with this facial challenge, we now perform a de novo review of Beekman's pleading and the offer letter. In performing a de novo review to determine whether the allegations are sufficient to establish Beekman's standing, we take the allegations as true and resolve all reasonable inferences in Beekman's favor. See *Jacobs Engr. Group v. ConAgra Foods*, 301 Neb. 38, 917 N.W.2d 435 (2018) (in resolving facial challenge, court will review pleadings to determine whether there are sufficient allegations to establish plaintiff's standing; in doing so, court will accept allegations of complaint as true and draw all reasonable inferences in favor of nonmoving party).

[10] Nebraska is a notice pleading jurisdiction. *Vasquez v. CHI Properties*, 302 Neb. 742, 925 N.W.2d 304 (2019). Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted. *Id.* Further, at the pleading stage, the standard for determining the sufficiency of a complaint to allege standing is fairly liberal. *Jacobs Engr. Group v. ConAgra Foods, supra*.

Liberally construing Beekman's complaint, we find that Beekman sufficiently alleged that although the businesses entered into a contract for the purchase of equipment, the individuals named in the lawsuit separately and orally contracted with Beekman to sell and purchase quarried rock which was not part of the business contract. Beekman also alleges those same individuals, the Appellees, took possession of the quarried rock, sold it, and failed to pay Beekman in breach of their contract. As it relates to the offer letter submitted by

Roc, the offer on its face references certain equipment being purchased, but is silent in relation to any quarried rock. As such, taking the allegations as true, we find that Beekman sufficiently pled standing to assert this claim in his individual capacity and that the district court erred in connection with the Appellees' facial challenge in finding that Beekman lacked standing to assert his claim as pled.

[11] At oral argument, the Appellees urged that notwithstanding the Nebraska Supreme Court's holding in *Jacobs Engr. Group. v. ConAgra Foods, supra*, they retained the right to make a § 6-1112(b)(1) factual challenge at the pleadings stage of this lawsuit. The Appellees urge that when applying a factual challenge and the different burdens of proof associated therewith, the district court did not err in finding that Beekman lacked standing to bring his claim. We disagree. Assuming, without deciding, that the Appellees could bring a factual challenge at the pleading stage, we are mindful of the Eighth Circuit Court of Appeals' statement in *Osborn v. U.S.*, 918 F.2d 724 (8th Cir. 1990). In discussing the standard of review in connection with Fed. R. Civ. P. 12(b)(1) challenges, the Eighth Circuit held:

> If the defendant thinks the court lacks [subject matter] jurisdiction, the proper course is to request an evidentiary hearing on the issue. *Crawford*[ *v. United States*], 796 F.2d [924,] 928 [(7th Cir. 1986)]. The motion may be supported with affidavits or other documents. *Id.* If necessary, the district court can hold a hearing at which witnesses may testify. *Id.*
>
> As no statute or rule prescribes a format for evidentiary hearings on jurisdiction, "any rational mode of inquiry will do." *Id.* at 929. Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue. *Id.* The only exception is in instances when the jurisdictional issue is "so bound up with the

merits that a full trial on the merits may be necessary to resolve the issue." *Id.*

*Osborn v. U.S.*, 918 F.2d at 730.

[12] The Fourth Circuit Court of Appeals provided a thorough explanation to the "jurisdictional issue bound up with the merits" exception in *Kerns v. U.S.*, 585 F.3d 187 (4th Cir. 2009). In applying the rationale for the exception, the Fourth Circuit held:

As we explained in *Adams* [*v. Bain*, 697 F.2d 1213 (4th Cir. 1982)], vesting a district court with the discretion to determine whether it possesses jurisdiction generally presents no problems. See 697 F.2d at 1219. But as Judge Sprouse cautioned in *Adams*, "where the jurisdictional facts are intertwined with the facts central to the merits of the dispute," a presumption of truthfulness should attach to the plaintiff's allegations. *Id.* In that situation, the defendant has challenged not only the court's jurisdiction but also the existence of the plaintiff's cause of action. A trial court should then afford the plaintiff the procedural safeguards—such as discovery—that would apply were the plaintiff facing a direct attack on the merits. The Fifth Circuit has aptly described the underlying rationale for this approach: "[N]o purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) . . . or Rule 56 . . . both of which place greater restrictions on the district court's discretion." *Williamson v. Tucker,* 645 F.2d 404, 415 (5th Cir.1981).

*Kerns v. U.S.*, 585 F.3d at 192-93.

We believe the inextricably intertwined exception applies here. In his complaint, Beekman alleged his business, Barnston Quarry, sold equipment to another business, Rush Creek, but that Beekman separately sold quarried rock to Roc and Stepan individually. In his affidavit, Roc acknowledged Rush Creek's purchase of equipment from Barnston Quarry, but denied that either Rush Creek or he personally purchased the quarried rock. In short, Roc is denying the merits of Beekman's underlying claim in its entirety, not simply claiming that Beekman lacked standing to assert it. Under this scenario, the district court should have denied the § 6-1112(b)(1) jurisdictional challenge and allowed the matter to proceed for future resolution following appropriate discovery.

## 2. Indispensable Party

But the district court's order went further and also found, in relation to the Appellees' § 6-1112(b)(7) indispensable party challenge, that the businesses pled by Beekman that were subject to a separate agreement as mentioned in the offer letter were indispensable parties to Beekman's claim. As such, the court found that Beekman's failure to include these parties in his lawsuit likewise deprived the court of subject matter jurisdiction over the claim.

[13] Section 6-1112(b)(7) allows a party to raise the objection of the failure to join a necessary or indispensable party. Indispensable parties are parties whose interest is such that a final decree cannot be entered without affecting them, or that termination of controversy in their absence would be inconsistent with equity. *Davis v. Moats*, 308 Neb. 757, 956 N.W.2d 682 (2021). There is no discretion as to the inclusion of an indispensable party. *Id*.

Again, we first apply our rules in connection with a facial challenge to the court's lacking subject matter jurisdiction due to the failure to include an indispensable party. Here, Beekman asserted that the sale conducted between the two businesses did not include the sale of quarried rock, which was the subject

of a separate contract between Beekman individually and the Appellees individually. Thus, on the face of the complaint, Beekman asserts that only the individuals and not the businesses had an interest in the quarried rock and that, as pled, the trial court could enter a final decree without affecting the businesses' interest. As such, on the face of the complaint, the businesses were not indispensable parties to the lawsuit.

Again, assuming, without deciding, that the Appellees could make a factual challenge at the pleading stage, Roc's affidavit, issued on behalf of Roc personally and on behalf of Rush Creek, stated, "Rush Creek . . . never agreed to purchase rock from either Barnston Quarry [or] Beekman as a part of this transaction." Taking this admission as true for purposes of an indispensable party challenge, Roc agrees that a trial court could enter a final decree governing the subject of Beekman's claim without affecting the respective business' interest in the quarried rock. Because neither the owners of Barnston Quarry nor the owners of Rush Creek asserted their companies had an interest in the quarried rock, the subject of Beekman's complaint, the trial court could enter an order on the subject of Beekman's complaint without affecting them, and they were not indispensable parties to the claims. We hold that the trial court erred in finding that it lacked subject matter jurisdiction due to Beekman's failure to join the businesses as indispensable parties to the lawsuit.

### 3. Failure to State Claim

The trial court found that "[a]lternatively, even absent the jurisdictional defects set forth above, the Court finds certain of [Beekman's] claims should be further dismissed for failure to state a claim upon which relief can be granted." The court then went on to hold that in applying a § 6-1112(b)(6) analysis, Beekman's claims should be dismissed because (a) Beekman's claims sounding in contract, unjust enrichment, and fraud violated the statute of frauds; (b) Beekman's claim for fraud failed to plead the claim with particularity; and (c) Beekman's

claims sounding in contract, unjust enrichment, conversion, and fraud were brought in violation of the statute of limitations. Beekman assigns error to certain of these findings, and we will address his specific assignments.

[14] To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Eadie v. Leise Properties*, 300 Neb. 141, 912 N.W.2d 715 (2018).

[15] Nebraska is a notice pleading jurisdiction. *Burklund v. Fuehrer*, 299 Neb. 949, 911 N.W.2d 843 (2018). Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted. *Id*. The rationale for this liberal notice pleading standard in civil actions is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage. *Id*.

[16] In cases in which a plaintiff does not or cannot allege specific facts showing a necessary element, the factual allegations, taken as true, are nonetheless plausible if they suggest the existence of the element and raise a reasonable expectation that discovery will reveal evidence of the element or claim. *Chaney v. Evnen*, 307 Neb. 512, 949 N.W.2d 761 (2020).

### (a) Statute of Frauds

Beekman first contends that the district court erred when it granted the Appellees' motion to dismiss his contract claim for failure to state a claim because his claim violated the statute of frauds. The district court found that, as pled, Beekman's claims sounding in contract, unjust enrichment, and fraud were barred by the statute of frauds. Beekman only assigns this error in connection with his contract claim and not the court's order dismissing his unjust enrichment and fraud claim. Neb. U.C.C. § 2-201(1) (Reissue 2020), which governs the Nebraska statute of frauds, states:

Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his or her authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

However, the Uniform Commercial Code contains an exception to the writing requirement. Section 2-201(3) states in pertinent part that "[a] contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable . . . (c) with respect to goods for which payment has been made and accepted or which have been received and accepted (section 2-606)." Further, Neb. U.C.C. § 2-606(1) (Reissue 2020) provides, in pertinent part, that "[a]cceptance of goods occurs when the buyer . . . (c) does any act inconsistent with the seller's ownership . . . ."

The district court acknowledged these principles, but ultimately summarized:

In short, [Beekman] does not sufficiently allege the existence of a separate contract, exclusively for the sale of rock, formed between [Beekman] and [the Appellees] as individuals. Instead, it appears that [Beekman] attempts to allege that the sale of rock was part of a larger transaction, but his allegations are insufficient. For all of the reasons identified above in the discussion relating to the real party in interest, necessary parties, and indispensable parties, the written contract for equipment was plainly between entities and not individuals. So, absent additional allegations, it is not a reasonable inference that a contract between entities was somehow amended to include obligations as between individuals,

and [Beekman] certainly does not make such an allegation in his third Complaint.

But as we noted earlier in our discussion regarding the real party in interest, we find that Beekman sufficiently alleged that the individuals, and not the businesses, separately orally negotiated for the sale of the quarried rock. Nor do we find that allegation inconsistent with the written contract, which dealt only with business equipment and not the quarried rock. As we stated before, we find that in applying our liberal pleading rules, Beekman sufficiently alleged that the individuals separately orally contracted for the sale and purchase of the quarried rock; that the Appellees, as individuals, took possession thereof; and that the terms of sale required the Appellees to make payment to Beekman upon subsequent sale of the quarried rock. These allegations, taken as true, sufficiently state a claim for an oral contract that does not facially violate the statute of frauds due to the writing exception found in § 2-201(3). Stated differently, because we find that, on the face of the complaint, Beekman sufficiently pled that the quarried rock sold to the Appellees in their individual capacities was accepted by them, we find the district court erred in dismissing Beekman's contract claim as facially violating the statute of frauds.

### (b) Fraudulent Misrepresentation

Beekman next contends that the district court erred in dismissing his fraudulent misrepresentation claim for failing to plead his claim with sufficient particularity.

Unlike Nebraska's more liberal pleading rules discussed above, Neb. Ct. R. Pldg. § 6-1109(b) (rev. 2008) provides that "[i]n all averments of fraud, mistake, or undue influence, the circumstances constituting fraud, mistake, or undue influence shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

[17] In order to state a claim for fraudulent misrepresentation under Nebraska law, a plaintiff must allege that (1) a

representation was made; (2) the representation was false; (3) when made, the representation was known to be false or made recklessly without knowledge of its truth and as a positive assertion; (4) the representation was made with the intention that the plaintiff should rely on it; (5) the plaintiff did so rely on it; and (6) the plaintiff suffered damage as a result. See *Zawaideh v. Nebraska Dept. of Health & Human Servs.*, 285 Neb. 48, 825 N.W.2d 204 (2013). Taken together, in order to survive a motion to dismiss his fraud claim, Beekman was required to plead the elements of his claim with sufficient particularity. The Nebraska Supreme Court has explained that allegations of fraud should be pled with sufficient particularity. "'"This means the who, what, when, where, and how: the first paragraph of any newspaper story."'" *Chafin v. Wisconsin Province Society of Jesus*, 301 Neb. 94, 100, 917 N.W.2d 821, 825 (2018), quoting *Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986 (8th Cir. 2007), quoting *DiLeo v. Ernst & Young*, 901 F.2d 624 (7th Cir. 1990).

After reviewing Beekman's complaint, although we find that Beekman's general averments were sufficient to plead a claim for an oral contract between the individuals separate and distinct from the written contract between the businesses, we find Beekman did not state a claim of fraudulent misrepresentation with sufficient particularity. For instance, although Beekman generally claimed that "[t]he sale of the quarr[ied] rock was separately negotiated on that same date between [Beekman] and [the Appellees]" and that "[the Appellees] represented to [Beekman] that they were buying the rock," Beekman failed to particularly allege what specific statements were made, by whom, where the specific statements were made, and other specific details associated with the Appellees' purported statements. Because Beekman failed to plead his claim of fraudulent misrepresentation with sufficient particularity, we hold that the district court did not err in dismissing this claim for failure to state a claim upon which relief can be granted. And because Beekman did not separately assign as error that the court

erred in refusing to allow him to amend this claim, we find that the claim was properly dismissed from the lawsuit.

### (c) Statute of Limitations

Next, Beekman contends that the district court erred when it found that the statute of limitations barred his contract, conversion, and fraud claims. He did not assign error in connection with the court's determination that the statute of limitations barred his unjust enrichment claim; therefore, we do not address it. Additionally, because we have already disposed of Beekman's cause of action for fraud as stated above, we need not address additional arguments regarding that claim here.

[18,19] "An action upon a contract, not in writing, expressed or implied, or an action upon a liability created by statute, other than a forfeiture or penalty, can only be brought within four years." Neb. Rev. Stat. § 25-206 (Reissue 2016). Claims of property conversion are likewise governed by a 4-year statute of limitations. See Neb. Rev. Stat. § 25-207 (Reissue 2016). The general rule is that where a complaint does not disclose on its face that it is barred by the statute of limitations, a defendant must plead the statute as an affirmative defense, and, in that event, the defendant has the burden to prove that defense. *Lindner v. Kindig*, 285 Neb. 386, 826 N.W.2d 868 (2013). Thus, if the complaint does not disclose that it is barred by the statute of limitations, dismissal is improper. See *Bonness v. Armitage*, 305 Neb. 747, 942 N.W.2d 238 (2020).

[20,21] A challenge that a pleading is barred by the statute of limitations is a challenge that the pleading fails to allege sufficient facts to constitute a claim upon which relief can be granted. *Carruth v. State*, 271 Neb. 433, 712 N.W.2d 575 (2006). A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Rutledge v. City of Kimball*, 304 Neb. 593, 935 N.W.2d 746 (2019).

Here, Beekman alleged that on August 1, 2016, the parties, in their individual capacities, entered into a separate

oral agreement for the sale of the quarried rock. According to Beekman, the Appellees first wanted to measure the piles of rock to verify the quantity of rock on the premises; he drew a map at that time providing the Appellees with the location and description of the rock; and the Appellees agreed to pay for the rock as the Appellees sold it while keeping track of the tickets of sale. Beekman contends that the Appellees then sold the rock, failed to keep him apprised of the sale as agreed, and failed to pay him the amount due for the rock.

[22] In determining when the statute of limitations begins to run in a contract action, the Nebraska Supreme Court stated:

"The statute of limitations begins to run against a cause of action to recover the purchase price or value of goods sold and delivered at the time of their delivery unless there is some agreement as to the time or manner of payment different from that which the law implies, which is that payment shall be made in cash on delivery. If a term of credit is given to the buyer the statute begins to run when, and only when, the period of credit has expired."

*T. S. McShane Co., Inc. v. Dominion Constr. Co.*, 203 Neb. 318, 325, 278 N.W.2d 596, 601 (1979).

[23] Here, Beekman alleged that the parties agreed to a different credit arrangement than the date of delivery. Specifically, Beekman asserts that the Appellees were obligated to pay for the delivered rock as it was sold. On the face of the complaint, Beekman does not indicate when the rock was sold because he alleges that the Appellees failed to inform him of the sale date or dates. As such, because the statute of limitations, as pled, would continue to run from the Appellees' sale date and because Beekman did not allege the sale date, it became incumbent upon the Appellees to allege the statute of limitations as an affirmative defense, and the burden shifted to them to then prove it.

"It is an established principle of pleading that the plaintiff need not in his [or her] pleading anticipate or negative possible defenses, and accordingly, as a general rule, a

plaintiff, in order to recover, need not affirmatively show in his [or her] complaint, declaration, petition, or statement of claim, that the cause of action set forth therein is not barred by the applicable statute of limitations, at least, where the bar of the statute does not appear on the face of the plaintiff's pleading, but may leave it to the defendant to assert the bar of the statute at the appropriate stage of the proceeding."

*Westinghouse Elecric Supply Co. v. Brookley*, 176 Neb. 807, 818, 127 N.W.2d 465, 472 (1964).

[24] Here, resolving all allegations and inferences in favor of the nonmoving party, we hold the district court erred in finding that the complaint facially disclosed that Beekman's contract claim was time barred. But we reach a different conclusion in relation to Beekman's conversion claim. Conversion is any unauthorized or wrongful act of dominion exerted over another's property which deprives the owner of his or her property permanently or for an indefinite period of time. *Brook Valley Ltd. Part. v. Mutual of Omaha Bank*, 285 Neb. 157, 825 N.W.2d 779 (2013). In his pleading, Beekman generally avers, "If [the Appellees] deny there was an implied contract for the sale, then they intentionally exerted unauthorized and wrongful [dominion] over [Beekman's] property, which has deprived him of his property permanently." Beekman alleged that his quarry business was sold to the Appellees on August 1, 2016. He further alleged the contract for the sale of the quarried rock was separately consummated between the individuals that same day. Taking Beekman's allegations as true, if the Appellees never intended to pay for the quarried rock they obtained with the other business assets on August 1, their alleged acts of wrongful dominion commenced to run on August 1. Beekman did not file his lawsuit until September 9, 2020. We find that on the face of the complaint, Beekman's conversion claim is barred by the 4-year statute of limitations found in § 25-207. Accordingly, we find that the district court did not err in dismissing Beekman's conversion claim from

the lawsuit for failing to state a claim upon which relief can be granted.

## VI. CONCLUSION

In sum, we find the court erred in finding it lacked subject matter jurisdiction of Beekman's claims. We further find that the court erred in finding Beekman failed to state a claim for which relief could be granted in his breach of contract claim. We affirm the court's dismissal of Beekman's fraud and conversion claims for those reasons set forth herein and do not reach the issue of the court's dismissal of Beekman's unjust enrichment claim because Beekman failed to assign error in connection with the dismissal of that claim. The matter is remanded for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.