IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STENGEL V. HEARTLAND BANK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JEANETTE A. STENGEL, PERSONAL REPRESENTATIVE, APPELLANT,

V.

HEARTLAND BANK, A NEBRASKA STATE BANK, APPELLEE.

Filed February 25, 2025.    No. A-24-238.

Appeal from the District Court for Fillmore County: DAVID J. A. BARGEN, Judge. Affirmed.

Darik J. Von Loh, of Hernandez Frantz, Von Loh, for appellant.

Richard P. Garden, Jr., of Cline, Williams, Wright, Johnson & Oldfather, L.L.P., for appellee.

MOORE, BISHOP, and WELCH, Judges.

WELCH, Judge.

### INTRODUCTION

Jeanette A. Stengel, as personal representative of the Estate of Dale E. Stengel, appeals from the Fillmore County District Court's order dismissing her fraud claim against Heartland Bank for failure to state a claim. She contends that the district court erred in finding on the face of the complaint that the statute of limitations barred her claim and in denying her the opportunity to amend her complaint. For the reasons stated herein, we affirm.

### BACKGROUND

In May 2023, Stengel, as personal representative of the Estate of Dale E. Stengel, filed a complaint alleging a claim of fraud against Heartland Bank as a successor in interest to Shickley State Bank. Specifically, Stengel alleged that in 1980, her late husband, Dale Stengel (Dale), entered into a partnership agreement with Gerald Stengel to engage in farming operations and to

- 1 -

share in the profits. The partnership dissolved in 2000. At that time, Shickley State Bank notified Dale that the partnership owed a debt of $483,000 to the bank on a promissory note. In December 2006, Dale paid the outstanding debt relying on the Bank's representations that the debt constituted partnership debt for which he was personally liable. Stengel alleged that at the time that Shickley State Bank informed Dale of the outstanding debt, the Bank knew that the debt was not partnership debt but was Gerald's personal debt. Stengel alleged that she discovered the fraud during her investigation and preparation for the filing of Dale's estate after his death in 2022.

Heartland Bank filed a motion to dismiss pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) and requested sanctions. Heartland Bank alleged that Stengel's claim was not based on the personal representative's rights but rather was based on the alleged rights of the decedent, Dale; the claim was barred by the statute of limitations based on Stengel's allegations that Dale incurred the damages in December 2006 when he paid the note in full; the claim was barred by the doctrine of judicial estoppel; and the claim was frivolous.

A hearing on the Bank's motion was held in November 2023. The court took judicial notice of the complaint, the docket report, the inventory, the petition for determination of inheritance tax, the inheritance tax worksheet, and the county court order determining and assessing inheritance tax regarding Dale's estate. The court also considered the parties' briefs filed in support of their respective arguments.

In February 2024, the district court dismissed Stengel's complaint stating:

It is important to note, and fundamental to this case, that "[a]s personal representative, [Stengel] stands in the decedent's shoes. The decedent's knowledge binds the estate." *In re Estate of Adelung*, 306 Neb. 646, 672 (2020). Thus, all analysis regarding the statute of limitations must be applied to Decedent, as [Stengel] in her capacity [as personal representative] has brought no claims personal to her in the Complaint.

The face of the Complaint asserts the Bank represented to Decedent in 2000 that it was going to call the Note at issue, and Decedent paid the Note in 2006. This case was filed on May 1, 2023, many years past the 4-year statute of limitations if counted from either 2000 or 2006. The statute begins to run from discovery of the alleged fraud, but as noted a plaintiff "must allege facts showing why the cause of action reasonably could not have been discovered during the limitations period." *Kalkowski [v. Nebraska Nat. Trails Museum Found.*], 20 Neb. App. [541,] 549[, 826 N.W.2d 589, 597 (2013)]. Because [Stengel] stands in the shoes of Decedent, it was incumbent upon [Stengel] to plead why facts constituting the fraud, or facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of fraud, could not have been reasonably discovered by Decedent during the limitations period. It must also be remembered that Nebraska's survival statute, Neb. Rev. Stat. § 25-1401, which covers claims for fraud, "does not create a new cause of action but merely preserves whatever cause of action was in existence on the date upon which the decedent died." *Rhein v. Caterpillar Tractor Co.*, 210 Neb. 321, 325 (1982). Under the survival statute a personal representative has the right to enforce a decedent's rights and claims that the decedent had immediately prior to death when the cause of action survives death. *In re Trust Created by Hansen*, 274 Neb. 199, 211 (2007). The survival action is brought on behalf of the

decedent's estate and encompasses the decedent's claim. *In re Estate of Panec*, 291 Neb. 46[, 864 N.W.2d 219] (2015).

[Stengel, as personal representative,] stands in the shoes of Decedent and may assert whatever cause of action was in existence on the date Decedent died. The actions of the Bank in 2000 and Decedent's payment of the nearly half million dollar note in 2006 as alleged in the Complaint were certainly sufficient facts to put a person of ordinary intelligence and prudence on inquiry to pursue the issue to discover any alleged fraud. And [Stengel] has not pled why those or any other facts which could have led to such discovery, could not have been discovered by Decedent during the limitations period. There is no allegation of, for instance, concealment by the Bank of any facts from Decedent that could have led to the discovery of alleged fraud, or inability of Decedent to investigate the nature of the Note or its call. In sum, the face of the Complaint alleges a claim belonging to Decedent that has long been barred by the applicable statute of limitations. . . and asserts no facts that would invoke the discovery rule to toll the statute. As such, the Complaint fails to state a claim.

Based upon its determination that Stengel's complaint failed to state a claim, the court found that it did not need to decide the issue of judicial estoppel. The court further denied Heartland Bank's request for sanctions. Stengel has now appealed from the district court's dismissal of her complaint.

## ASSIGNMENTS OF ERROR

Stengel assigns, restated, that the district court erred in (1) finding that her complaint insufficiently alleged facts for a prima facie case of fraud and (2) denying her the opportunity to file an amended complaint.

## STANDARD OF REVIEW

A district court's grant of a motion to dismiss for failure to state a claim under Neb. Ct. R. Pldg. § 6-1112(b)(6) is reviewed de novo, accepting all the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *McKay v. Bartels*, 316 Neb. 235, 3 N.W.3d 920 (2024).

To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Chaney v. Evnen*, 307 Neb. 512, 949 N.W.2d 761 (2020).

A motion to dismiss should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Trausch v. Hagemeier*, 313 Neb. 538, 985 N.W.2d 402 (2023).

## ANALYSIS

Before addressing Stengel's assigned errors, we briefly summarize the standard for motions for failure to state a claim upon which relief can be granted. This court set forth this standard in *Beekman v. Beekman*, 30 Neb. App. 676, 696, 972 N.W.2d 415, 432 (2022):

A challenge that a pleading is barred by the statute of limitations is a challenge that the pleading fails to allege sufficient facts to constitute a claim upon which relief can be granted. *Carruth v. State*, 271 Neb. 433, 712 N.W.2d 575 (2006) [*disapproved on other grounds, Bogue v. Gillis*, 311 Neb. 445, 973 N.W.2d 338 (2022)]. A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Rutledge v. City of Kimball*, 304 Neb. 593, 935 N.W.2d 746 (2019).

This court further noted:

> To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Eadie v. Leise Properties*, 300 Neb. 141, 912 N.W.2d 715 (2018).
>
> Nebraska is a notice pleading jurisdiction. *Burklund v. Fuehrer*, 299 Neb. 949, 911 N.W.2d 843 (2018). Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief and is not required to plead legal theories or cite appropriate statutes so long as the pleading gives fair notice of the claims asserted. *Id.* The rationale for this liberal notice pleading standard in civil actions is that when a party has a valid claim, he or she should recover on it regardless of a failure to perceive the true basis of the claim at the pleading stage. *Id.*

*Beekman v. Beekman*, 30 Neb. App. at 692, 972 N.W.2d at 429. However, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. . . ." Neb. Ct. R. Pldg. § 6-1109(b).

And, as the Nebraska Supreme Court stated in *Bonness v. Armitage*, 305 Neb. 747, 755, 942 N.W.2d 238, 244-45 (2020):

> a defendant may . . . raise the statute of limitations as part of a motion to dismiss for failure to state a claim upon which relief can be granted. If such a motion is made but the complaint does not disclose on its face that it is barred by the statute of limitations, dismissal is improper. See *Lindner v. Kindig*, 285 Neb. 386, 826 N.W.2d 868 (2013). However, if the face of the complaint does show that the cause of action is time barred and the plaintiff does not allege facts to avoid the bar of the statute of limitations, dismissal is proper.

Heartland Bank filed its motion to dismiss on the basis that Stengel did not allege sufficient facts to avoid the bar of the statute of limitations. The district court agreed and dismissed her claim. Stengel contends that the district court erred in dismissing her complaint for failing to allege sufficient facts on the face of her complaint to demonstrate that the statute of limitations had not run on her claim. She further contends that the district court erred in failing to provide her an opportunity to amend her complaint. We address each assigned error independently.

### DISMISSAL OF COMPLAINT

Stengel first assigns that the district court erred in dismissing her complaint on the basis that she failed to allege sufficient facts to avoid the bar of the 4-year statute of limitations. Although

recognizing that her claim for fraud is generally governed by the 4-year statute of limitation set forth in § 25-207(4), Stengel contends that section separately provides that the cause of action shall not be deemed to have accrued until the fraud is discovered. Stengel contends that she sufficiently pled that the Bank misrepresented the character of the loan to Dale on or before 2006 and that she discovered the fraud only after reviewing information regarding the family business during her investigation for Dale's probate case following his death in 2022. In short, Stengel claims that notwithstanding Dale's payment of the debt in 2006, she sufficiently pled that her cause of action did not begin to accrue until the date she recently discovered the fraud in her capacity as personal representative and the district court erred in dismissing her complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6).

Neb. Rev. Stat. § 25-207(4) (Reissue 2016) provides that an action on the ground of fraud can only be brought within 4 years, but the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud. A plaintiff seeking to invoke the discovery clause to toll the statute of limitations must allege facts showing why the cause of action reasonably could not have been discovered during the limitations period. *Kalkowski v. Nebraska Nat. Trails Museum Found.*, 20 Neb. App. 541, 826 N.W.2d 589 (2013). An action for fraud does not accrue until there has been a discovery of the facts constituting the fraud, or facts sufficient to put a person of ordinary intelligence and prudence on an inquiry, which, if pursued, would lead to such discovery. *Chafin v. Wisconsin Province Society of Jesus*, 301 Neb. 94, 917 N.W.2d 821 (2018). Discovery, as applied to the statute of limitations, occurs when one knows of the existence of an injury or damage and not when he or she has a legal right to seek redress in court. *Id*. As used in reference to a statute of limitations, "discovery" occurs when an individual acquires knowledge of a fact which existed but which was previously unknown to the discoverer. *Henderson v. Forman*, 240 Neb. 939, 486 N.W.2d 182 (1992). If the fraud or mistake ought to have been discovered, the statute will run from the time such discovery ought to have been made. *Id*.

To prevail against Heartland Bank's motion to dismiss, Stengel, who sought to invoke the discovery clause to the 4-year statute of limitations, was required to allege facts showing why the cause of action reasonably could not have been discovered during the limitations period. And as the Nebraska Supreme Court stated in *Chafin v. Wisconsin Province Society of Jesus*, 301 Neb. at 100, 917 N.W.2d at 825:

> In order to survive a motion to dismiss, a complaint alleging fraudulent concealment must plead with particularity how material facts were concealed to prevent the plaintiff from discovering the misconduct and how, through due diligence, the plaintiff failed to discover his or her injury. "'This means the who, what, when, where, and how: the first paragraph of any newspaper story.'"

In her complaint, Stengel alleged that Dale paid the debt in 2006 based upon the Bank's fraudulent representation that the debt was partnership debt as opposed to a personal debt of Dale's partner. As to discovery of the fraud, Stengel's limited averment was "said fraud was only discovered by [Stengel] during her investigation and preparation for filing of the Estate of Dale E. Stengel in the Fillmore County Court."

As it relates to the pleading's limited averment governing discovery of the claim, it contains only a reference to Stengel's discovery as opposed to Dale's. But as the Nebraska Supreme Court

held in *In re Estate of Adelung*, 306 Neb. 646, 672, 947 N.W.2d 269, 290 (2020), "[a]s personal representative, [the appellant] stands in the decedent's shoes. The decedent's knowledge binds the estate." Stated differently, as Heartland Bank notes in their brief, what Stengel knew or discovered does not avoid the 4-year statute of limitations of § 25-207(4). Rather, the inquiry is on what Dale knew or should have known. And because an action under Nebraska's survival statute, Neb. Rev. Stat. § 25-1401 (Reissue 2016), is "the continuance of the decedent's own right of action which he or she possessed prior to his or her death," Stengel was required to plead why Dale, who sought to invoke the discovery clause of § 25-207(4), could not have discovered the cause of action during the limitations period. See *Nuss v. Alexander*, 269 Neb. 101, 691 N.W.2d 94 (2005). But having failed to plead the "who, what, when, where, and how" of Dale's failure to discover the alleged fraudulent representation made by the Bank that resulted in his payment during the limitations period, Stengel failed to state with particularity, on the face of the complaint, why the claim was not barred by the applicable statute of limitations period. As such, under our de novo review, we find no error associated with the district court's dismissal of Stengel's complaint. This assignment of error fails.

OPPORTUNITY TO AMEND

Stengel's second assigned error is that the district court erred in failing to provide her an opportunity to amend her complaint. However, she failed to argue this assigned error in her brief. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Perry v. Buchanan*, 31 Neb. App. 715, 988 N.W.2d 537 (2023). Accordingly, we decline to consider this assignment of error.

CONCLUSION

For the reasons set forth herein, we affirm the district court's order dismissing Stengel's fraud claim against Heartland Bank.

AFFIRMED.