Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/20/2016 11:06 AM CDT

Joseph Pittman, appellant and cross-appellee,
v. Matthew Rivera and Teresa Erpelding,
appellees, and 2nd Street Slammer, Inc.,
et al., appellees and cross-appellants.

___ N.W.2d ___

Filed May 20, 2016.    No. S-15-159.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. ____: ____. In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence.

3. **Negligence: Proof.** In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages.

4. **Negligence.** The question whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular situation.

5. **Innkeepers: Alcoholic Liquors: Liability.** Businesses that are open to the public are subject to a duty of reasonable care, regardless of whether they serve alcoholic liquor.

6. **Negligence.** In a negligence action, in order to determine whether appropriate care was exercised, the fact finder must assess the foreseeable risk at the time of the defendant's alleged negligence.

7. ____. The extent of foreseeable risk depends on the specific facts of the case and cannot be usefully assessed for a category of cases; small changes in the facts may make a dramatic change in how much risk is foreseeable. Thus, courts should leave such determinations to the trier of fact unless no reasonable person could differ on the matter.

8. \_\_\_\_. In order to make a risk of attack foreseeable, the circumstances to be considered must have a direct relationship to the harm incurred.

Appeal from the District Court for Adams County: Terri S. Harder, Judge. Affirmed.

Siegfried H. Brauer, of Brauer Law Office, for appellant.

Stephen G. Olson and Kristina J. Kamler, of Engles, Ketcham, Olson & Keith, P.C., for appellees 2nd Street Slammer, Inc., et al.

Heavican, C.J., Wright, Connolly, Cassel, and Stacy, JJ.

Wright, J.

## NATURE OF CASE

Joseph Pittman filed a negligence action against 2nd Street Slammer, Inc. (2nd Street), and its owners, Walter C. Bienkowski and Diana C. Bienkowski (collectively the appellees); Matthew Rivera; Nellie Snyder; and Teresa Erpelding for injuries he sustained when he was struck by a vehicle while standing in or near a parking lot owned and maintained by 2nd Street. The driver of the vehicle was Rivera, another patron who had been forcibly removed from 2nd Street earlier that evening by an employee of 2nd Street. The district court granted summary judgment in favor of the appellees, finding that Rivera's conduct in striking Pittman with his vehicle was not reasonably foreseeable and that therefore, 2nd Street did not breach its duty of reasonable care. Pittman appeals, and the appellees cross-appeal.

## BACKGROUND

The Bienkowskis own 2nd Street, a drinking establishment in Hastings, Nebraska, that serves alcohol. In the early morning hours of December 2, 2007, while at 2nd Street, Rivera got into a physical altercation with his girlfriend, Snyder. An employee of 2nd Street, Craig Hubbard, intervened in the

altercation and forcibly removed Rivera from the premises. As he was being escorted out, Rivera was aggressive and assaultive toward Hubbard, but ultimately got into a vehicle with friends and was driven away by a designated driver. Hubbard considered the incident "'handled'" and did not contact police.

About an hour later and just as the bar was closing, Rivera returned to 2nd Street looking for Snyder. Hubbard confronted Rivera at the door and told him he was not allowed to come inside. Rivera became aggressive, and Hubbard escorted him outside to the parking lot once again. Rivera got into his vehicle and sped out of the parking lot, away from 2nd Street. He abruptly performed a U-turn and traveled toward and then past 2nd Street. He abruptly performed another U-turn, revved his engine, and raced toward a crowd of patrons who were standing on or near the property line between 2nd Street's parking lot and an adjacent roadway. At this moment, Pittman and some of his friends had recently left 2nd Street and were standing outside talking.

An employee of 2nd Street saw the vehicle approaching and yelled for Pittman to get out of the way. Pittman did not react in time and was struck by Rivera's vehicle. Rivera's assault with his vehicle happened quite rapidly. Approximately 60 seconds lapsed from the time Rivera entered his vehicle to the time Pittman was struck. Pittman sustained serious injuries as a result of the impact. Hubbard immediately called the 911 emergency dispatch service after Pittman was struck. Rivera was later convicted of and sentenced to prison for first degree assault and leaving the scene of an accident.

Pittman filed this action in the district court for Adams County, Nebraska, alleging that 2nd Street breached its duty to protect him from Rivera's actions. The appellees moved for summary judgment, asserting that they did not owe Pittman a duty of care and that even if they did, there was no breach of any duty because Rivera's conduct in running down Pittman with his vehicle was not reasonably foreseeable. The district

court found that 2nd Street owed Pittman a duty of reasonable care but held that the material and undisputed evidence confirmed that Rivera's conduct in striking Pittman with his vehicle was not a foreseeable risk. It therefore concluded as a matter of law that 2nd Street did not breach its duty to Pittman. It granted summary judgment in favor of the appellees. Pittman appeals, and the appellees cross-appeal. In previous proceedings, Snyder had been dismissed from the action. In a separate court order, Rivera and Erpelding, Rivera's mother and cosigner of the loan for the vehicle which struck Pittman, were found liable for negligence and assessed damages. They are not involved in this appeal.

## ASSIGNMENTS OF ERROR

On appeal, Pittman assigns seven errors, which we combine and restated as follows: The district court erred in granting summary judgment in favor of the appellees, because foreseeability was a factual question upon which reasonable minds could differ and, therefore, such determination should have been left to the jury.

On cross-appeal, the appellees assign that the district court erred in finding that 2nd Street owed a duty of reasonable care to Pittman, because Nebraska's public policies warrant a no-duty determination in this case.

## STANDARD OF REVIEW

[1,2] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[1] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that

---

[1] *Sulu v. Magana, ante* p. 148, ___ N.W.2d ___ (2016).

party the benefit of all reasonable inferences deducible from the evidence.[2]

## ANALYSIS

[3] In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages.[3] To warrant summary judgment in their favor, the appellees had to submit evidence showing the absence of at least one of these elements. Here, the appellees moved for summary judgment on the bases that 2nd Street did not owe Pittman a duty of care and that even if it did, no reasonable person would find that it breached such duty, because Rivera's conduct in running down Pittman with his vehicle was not reasonably foreseeable.

On appeal, Pittman argues that 2nd Street had a duty to take reasonable steps to prevent danger or injury to its patrons if it knew or had reason to know of circumstances that presented a threat of injury by a third party. Pittman asserts that 2nd Street had knowledge of Rivera's assaultive and threatening behavior in its place of business and failed to take meaningful action to prevent Rivera from causing harm to other patrons. He argues that 2nd Street should have called law enforcement to remove Rivera, or at least should have warned its patrons that a violent and drunken person had been turned loose on the city streets, especially when Rivera got behind the wheel of a vehicle and 2nd Street knew its patrons were or soon would be leaving the bar. Pittman argues that summary judgment was improper, because foreseeability was a question of fact for the jury unless no reasonable person could differ on the question.

On cross-appeal, the appellees assert that the district court erred in finding 2nd Street owed Pittman a duty of reasonable care. They argue that Nebraska's premises liability is limited,

---

[2] *Id.*

[3] *Phillips v. Liberty Mutual Ins. Co., ante* p. 123, 876 N.W.2d 361 (2016).

as a matter of public policy, to the boundaries of the premises and for the protection of individuals on the premises for business purposes. They also assert that the Nebraska Liquor Control Act, adopted in 1935, repealed the former dram shop acts which imposed civil liability upon drinking establishments for the intoxicated acts of its patrons. Thus, they argue that the public policy against imposing dram shop liability overrides any duty based upon premises liability and requires a no-duty determination.

## Duty

[4] We begin our analysis by addressing whether 2nd Street owed Pittman a duty of care. The question whether a legal duty exists for actionable negligence is a question of law dependent on the facts in a particular situation.[4] We have articulated the duty a business proprietor owes to protect its patrons from third parties as follows:

> "The modern general rule, summarized in its simplest terms, is that the proprietor of a place of business who holds it out to the public for entry for his business purposes, is subject to liability to members of the public while upon the premises for such a purpose for bodily harm caused to them by the accidental, negligent, or intentionally harmful acts of third persons, if the proprietor by the exercise of reasonable care could have discovered that such acts were being done or were about to be done, and could have protected the members of the public by controlling the conduct of the third persons or by giving a warning adequate to enable them to avoid harm."[5]

[5] Businesses that are open to the public are subject to a duty of reasonable care, regardless of whether they serve

---

[4] *Peterson v. Kings Gate Partners*, 290 Neb. 658, 861 N.W.2d 444 (2015).

[5] *Schroer v. Synowiecki*, 231 Neb. 168, 173-74, 435 N.W.2d 875, 879 (1989) (emphasis omitted).

alcoholic liquor.[6] Thus, we agree with the district court's finding that 2nd Street owed a general duty based on premises liability, and we find no merit to the appellees' argument on cross-appeal that such duty is overridden by the public policy against dram shop liability.

## Breach

Having determined that 2nd Street owed a duty of reasonable care to its patrons, we examine if there was a material issue of fact whether 2nd Street breached its duty of reasonable care.

[6,7] In order to determine whether appropriate care was exercised, the fact finder must assess the foreseeable risk at the time of the defendant's alleged negligence.[7] The extent of foreseeable risk depends on the specific facts of the case and cannot be usefully assessed for a category of cases; small changes in the facts may make a dramatic change in how much risk is foreseeable.[8] Thus, courts should leave such determinations to the trier of fact unless no reasonable person could differ on the matter.[9] Here, we agree with the district court's determination that Rivera's conduct in running down Pittman with his vehicle was not a foreseeable risk, and we conclude that summary judgment was proper because no reasonable person could differ on this matter.

[8] In order to make a risk of attack foreseeable, the circumstances to be considered must have a direct relationship to the harm incurred.[10] Rivera's prior conduct at the bar that night (i.e., assaultive and threatening behavior toward Snyder and Hubbard) was completely different in nature from his

---

[6] See *id.*

[7] *A.W. v. Lancaster Cty. Sch. Dist. 0001*, 280 Neb. 205, 784 N.W.2d 907 (2010).

[8] See *id.*

[9] See *id.*

[10] *Id.*

later actions that harmed Pittman. There was no evidence that Rivera knew Pittman, that he had any reason to assault Pittman, or that he would intentionally try to run over a person outside the bar. Hubbard, as an employee of 2nd Street, had promptly removed Rivera from the premises upon observing his assaultive behavior and had observed him leaving the scene with a designated driver.

When Rivera returned to the premises and Hubbard discovered that he was driving a vehicle, it was not reasonably foreseeable that Rivera would use his vehicle to assault Pittman.

Even when viewed in the light most favorable to Pittman, he has not established there is a genuine issue of material fact whether 2nd Street breached its duty of reasonable care to Pittman. We conclude as a matter of law that no reasonable person would find that 2nd Street breached its duty of reasonable care regarding Pittman. Summary judgment in favor of 2nd Street was proper.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the district court.

AFFIRMED.

MILLER-LERMAN, J., participating on briefs.