Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/11/2023 08:04 AM CDT

DeTron L. Perry, appellant, v. Steve Buchanan
and Bucks, Inc., appellees.

___ N.W.2d ___

Filed April 4, 2023.    No. A-22-060.

1. **Appeal and Error.** To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.

2. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's grant of a motion to dismiss on the pleadings is reviewed de novo by an appellate court, accepting the factual allegations in the complaint as true and drawing all reasonable inferences of law and fact in favor of the nonmoving party.

3. **Rules of the Supreme Court: Pleadings: Appeal and Error.** An appellate court reviews a district court's denial of a motion to amend under Neb. Ct. R. Pldg. § 6-1115(a) for an abuse of discretion. However, an appellate court reviews de novo any underlying legal conclusion that the proposed amendments would be futile.

4. **Negligence: Proof.** In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages.

5. **Negligence: Liability.** The proprietor of a place of business who holds it out to the public for entry for his or her business purposes is subject to liability to members of the public while upon the premises for such a purpose for bodily harm caused to them by the accidental, negligent, or intentionally harmful acts of third persons, if the proprietor by the exercise of reasonable care could have discovered that such acts were being done or were about to be done, and could have protected the members of the public by controlling the conduct of the third persons or by giving a warning adequate to enable them to avoid harm.

6. **Negligence.** In a negligence action, in order to determine whether appropriate care was exercised, the fact finder must assess the foreseeable risk at the time of the defendant's alleged negligence.

7. ____. The extent of foreseeable risk depends on the specific facts of the case and cannot be usefully assessed for a category of cases; small changes in the facts may make a dramatic change in how much risk is foreseeable. Thus, courts should leave such determinations to the trier of fact unless no reasonable person could differ on the matter.

8. **Negligence: Liability.** Premises liability cases fall into one of three categories: (1) those concerning the failure to protect lawful entrants from a dangerous condition on the land, (2) those concerning the failure to protect lawful entrants from a dangerous activity on the land, and (3) those concerning the failure to protect lawful entrants from the acts of a third person on the land.

9. ____: ____. A possessor of land who holds it open to the public for entry for his or her business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done or (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

10. **Negligence: Liability: Proximate Cause.** A possessor of land is subject to liability for injury caused to a lawful visitor by a condition on the land if (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

11. **Negligence: Liability.** A land possessor is not liable to a lawful entrant on the land unless the possessor has or should have had superior knowledge of the dangerous condition.

12. ____: ____. Even where a dangerous condition exists, a premises owner will not be liable unless the premises owner should have expected that a lawful visitor such as the plaintiff either would not discover or realize the danger or would fail to protect himself or herself against the danger.

Appeal from the District Court for Douglas County: Kimberly Miller Pankonin, Judge. Affirmed.

DeTron L. Perry, pro se.

Steven R. Hogan and David C. Mullin, of Fraser Stryker, P.C., L.L.O., for appellees.

Moore, Bishop and Welch, Judges.

Bishop, Judge.

## I. INTRODUCTION

DeTron L. Perry, pro se, appeals from the order entered by the Douglas County District Court dismissing his complaint for failure to state a claim upon which relief may be granted and denying him an opportunity to amend his pleading. We affirm.

## II. BACKGROUND

Perry filed a pro se complaint on August 5, 2021, against Steve Buchanan and "Buchanan Energy, Operating LLC of Bucky's" (collectively Bucky's), alleging two causes of action: (1) negligence and (2) "Loss of Excitement Claim of Children." Perry alleged that in September 2017, he was injured by a third party in the parking lot of a Bucky's convenience store in Omaha, Nebraska, as a result of the negligence of Bucky's. Perry claimed that "as a result of the negligence and carelessness of said defendant; [he] was criminally, violently, savagely assaulted, and injured by an intoxicated driver . . . in the parking lot on the defendant premises." He alleged that Bucky's "owed a duty to the public . . . to exercise reasonably [sic] and ordinary care to keep and maintain its premises in a condition reasonably safe for the use of the public" and that Bucky's "had a duty to take such precautions as were reasonably necessary to protect its invitees and employees . . . from criminal assaults/attacks which were reasonably foreseeable." Perry requested $17,767,726.61 in damages, including damages for past medical expenses ($152,629.09), permanent injury and disability, past lost wages ($115,283.03),

permanent impairment of his earning capacity, physical pain and mental suffering, "[t]otal disability and incapacity in the past," and loss of enjoyment and quality of life with his six children.

On September 10, 2021, the defendants filed a motion to dismiss Perry's complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) for failure to state a claim upon which relief can be granted. Additionally, the defendants noted that the correct name for "Buchanan Energy, Operating LLC of Buckys" is "Bucks, Inc." (corporate entity will still be referred to as "Bucky's" in this opinion).

A hearing on the motion to dismiss was held on November 2, 2021. The district court subsequently entered an order on January 27, 2022, dismissing Perry's claim after finding that he failed to state a claim upon which relief could be granted and that any proposed amendments to Perry's complaint would be futile.

Perry appeals.

## III. ASSIGNMENTS OF ERROR

Perry assigns that the district court erred in (1) finding that Bucky's had no duty to him, (2) "following the legal standard accepting the allegations of the Complaint as true and drew all reasonable inferences of law and fact in favor of [Perry], but not [Perry's] conclusion," (3) "not allowing Discovery to reveal facts that were gone to support cause of action," (4) dismissing claims against Bucky's, (5) "finding that any proposed amendments to [Perry's] Complaint are futile and will not withstand a rule 12(b)(6) motion to dismiss," and (6) "denying [Perry's] Leave to Amend the Complaint."

[1] We note that Perry did not argue assignments of error Nos. 2, 3, or 5 in his brief. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Buttercase v. Davis*, 313 Neb. 1, 982 N.W.2d 240 (2022). Accordingly, we will not address errors Nos. 2, 3, or 5.

## IV. STANDARD OF REVIEW

[2] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo by an appellate court, accepting the factual allegations in the complaint as true and drawing all reasonable inferences of law and fact in favor of the nonmoving party. *Millard Gutter Co. v. Shelter Mut. Ins. Co.*, 312 Neb. 606, 980 N.W.2d 420 (2022).

[3] An appellate court reviews a district court's denial of a motion to amend under Neb. Ct. R. Pldg. § 6-1115(a) for an abuse of discretion. *Williams v. State*, 310 Neb. 588, 967 N.W.2d 677 (2021). However, we review de novo any underlying legal conclusion that the proposed amendments would be futile. *Id*.

## V. ANALYSIS

### 1. Claims Against Buchanan

In its order, the district court stated that "both parties agree that Defendant Steve Buchanan should be dismissed from the case." Although that agreement does not appear on the record, Perry does not contest the district court's statement in his brief on appeal. As previously stated, to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Buttercase v. Davis, supra*. Accordingly, we will address Perry's assignments of error and arguments on appeal only as they pertain to Bucky's.

### 2. Claims Against Bucky's

In his complaint, Perry brought a negligence claim against Bucky's. However, both at the hearing on the motion to dismiss and in its brief, Bucky's contends this is really a premises liability case. Like the district court, we find that whether the claim is one of negligence or premises liability, Perry has not stated a claim for which relief can be granted.

(a) Negligence

[4] In order to recover in a negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and damages. *Pittman v. Rivera*, 293 Neb. 569, 879 N.W.2d 12 (2016).

[5] The Nebraska Supreme Court has articulated the duty a business proprietor owes to protect its patrons from third parties as follows:

"'The modern general rule, summarized in its simplest terms, is that the proprietor of a place of business who holds it out to the public for entry for his business purposes, is subject to liability to members of the public while upon the premises for such a purpose for bodily harm caused to them by the accidental, negligent, or intentionally harmful acts of third persons, *if the proprietor by the exercise of reasonable care could have discovered that such acts were being done or were about to be done, and could have protected the members of the public by controlling the conduct of the third persons or by giving a warning adequate to enable them to avoid harm*.'"

*Pittman v. Rivera*, 293 Neb. at 574, 879 N.W.2d at 16 (quoting *Schroer v. Synowiecki*, 231 Neb. 168, 435 N.W.2d 875 (1989)) (emphasis supplied). Businesses that are open to the public are subject to a duty of reasonable care, regardless of whether they serve alcoholic liquor. *Pittman v. Rivera, supra*.

Contrary to Perry's assertion otherwise, the district court did find that Bucky's owed him a duty of reasonable care. However, the real question is whether Bucky's breached its duty of reasonable care.

[6,7] In order to determine whether appropriate care was exercised, the fact finder must assess the foreseeable risk at the time of the defendant's alleged negligence. *Pittman v. Rivera, supra*. The extent of foreseeable risk depends on the specific facts of the case and cannot be usefully assessed for a category of cases; small changes in the facts may

make a dramatic change in how much risk is foreseeable. *Id*. Thus, courts should leave such determinations to the trier of fact unless no reasonable person could differ on the matter. *Id.* See *Erichsen v. No-Frills Supermarkets*, 246 Neb. 238, 518 N.W.2d 116 (1994) (appellant alleged sufficient facts in petition to overcome demurrer of appellees in negligence action; appellant claimed that on at least 10 occasions within 16-month period prior to assault on appellant, similar crimes, including theft, purse snatching, and robbery, occurred in or about the business' parking lot; court has denied relief where appellant based allegations of negligence on single act of violence, but allegation of many occasions of similar criminal activity in one fairly contiguous area in limited timespan may make further such acts sufficiently foreseeable to create duty to business invitee).

In *Pittman v. Rivera, supra*, a bar patron brought a negligence action against the bar after the patron was struck by a vehicle in or near the bar's parking lot; the vehicle was driven by another patron who had been forcibly removed from the bar twice that evening by a bar employee. The Nebraska Supreme Court agreed with the district court that one patron's conduct in running down another patron with his vehicle was not a foreseeable risk and that no reasonable person could differ on the matter. The court said that in order to make a risk of attack foreseeable, the circumstances to be considered must have a direct relationship to the harm incurred. The court then found that the patron's conduct at the bar that evening (assaulting and threatening behavior toward other individuals) was completely different in nature from his later actions with his vehicle; there was no evidence that the patrons knew each other or that one had any reason to harm the other, nor was there evidence that the patron would intentionally try to run over a person outside of the bar.

Similar to *Pittman v. Rivera*, 293 Neb. 569, 879 N.W.2d 12 (2016), and like the district court in the present case, we find that no reasonable person could find that the injury

to Perry by an intoxicated driver in the Bucky's parking lot was a foreseeable risk from which Bucky's could have protected Perry. Bucky's did not have control over the intoxicated driver and could not have discovered the accident was about to occur through the exercise of reasonable care. See *Pittman v. Rivera, supra*. Accordingly, Perry has failed to plead a negligence claim against Bucky's for which relief can be granted.

### (b) Premises Liability

[8] Generally speaking, premises liability cases fall into one of three categories: (1) those concerning the failure to protect lawful entrants from a dangerous condition on the land, (2) those concerning the failure to protect lawful entrants from a dangerous activity on the land, and (3) those concerning the failure to protect lawful entrants from the acts of a third person on the land. *Sundermann v. Hy-Vee*, 306 Neb. 749, 947 N.W.2d 492 (2020).

### (i) Act of Third Person

As noted by the district court, this case falls squarely within the third category of premises liability cases, because Perry claims he was injured due to the failure of Bucky's to protect business invitees from the acts of a third person on the property.

[9] While the Nebraska Supreme Court has established a test for determining when a possessor of land is liable for injury to a lawful entrant caused by a dangerous condition on the land, see *Sundermann v. Hy-Vee, supra*, it has not established a test for determining liability for injuries caused by a failure to protect lawful entrants from the acts of a third person on the land. However, both the district court in its order and Perry in his appellate brief note that the Restatement (Second) of Torts § 344 (1965) provides insight. The Restatement, *supra*, § 344 at 223-24, provides:

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land

for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

The Restatement, *supra*, § 344, comment *d.* at 225, states:

A public utility or other possessor of land who holds it open to the public for entry for his business purposes is not an insurer of the safety of such visitors against the acts of third persons, or the acts of animals. He is, however, under a *duty to exercise reasonable care* to give them protection. In many cases a warning is sufficient care if the possessor reasonably believes that it will be enough to enable the visitor to avoid the harm, or protect himself against it. There are, however, many situations in which the possessor cannot reasonably assume that a warning will be sufficient. He is then required to exercise reasonable care to use such means of protection as are available, or to provide such means in advance because of the likelihood that third persons, or animals, may conduct themselves in a manner which will endanger the safety of the visitor.

(Emphasis supplied.) The Restatement, *supra*, § 344, comment *f.* at 225-26, states:

Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If

the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

Perry did not allege facts that Bucky's could have discovered an intoxicated driver was about to strike him or that Bucky's could have given him a warning enabling him to avoid the harm or otherwise protect him against it. Accordingly, Perry has failed to plead a premises liability claim against Bucky's—concerning the failure to protect lawful entrants from the acts of a third person on the land—for which relief can be granted.

### (ii) Condition of Land

Even if we analyzed this case as one concerning the failure to protect lawful entrants from a dangerous condition on the land, Perry's pleading fails.

[10] A possessor of land is subject to liability for injury caused to a lawful visitor by a condition on the land if (1) the possessor either created the condition, knew of the condition, or by the existence of reasonable care would have discovered the condition; (2) the possessor should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the possessor should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the possessor failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff. *Sundermann v. Hy-Vee*, 306 Neb. 749, 947 N.W.2d 492 (2020). The first three elements identify those conditions on the land regarding which a land possessor owes a duty of reasonable care to protect lawful entrants from physical

harm. *Id*. We need only address the second and third elements, because they are dispositive in this case.

Cases considering conditions on the land have generally drawn a distinction between conditions which present ordinary or common risks and those which present unreasonable risks. *Id.* By limiting tort liability to only those conditions which pose an unreasonable risk of harm, the traditional premises liability test balances two competing policies: requiring businesses to exercise reasonable care to maintain the premises in a safe condition and protecting businesses from becoming the insurers of their patrons' safety. *Id*. Here, Perry has not alleged any facts that Bucky's should have realized the condition involved an "unreasonable" risk of harm to a lawful visitor. Perry has not alleged any facts that the Bucky's property presents a risk outside of the ordinary or common risks inherent to all parking lots.

[11,12] Additionally, generally speaking, a land possessor is not liable to a lawful entrant on the land unless the possessor has or should have had superior knowledge of the dangerous condition. *Id*. Consequently, even where a dangerous condition exists, a premises owner will not be liable unless the premises owner should have expected that a lawful visitor such as the plaintiff either would not discover or realize the danger or would fail to protect himself or herself against the danger. *Id*. The dangers of parking lots are obvious, including the risk of a car accident or being struck by a vehicle. See *id*. And Perry has not alleged any facts to show that he was not aware of the danger or that Bucky's should have anticipated that lawful patrons would fail to protect themselves against such danger.

For the reasons stated above, Perry failed to properly plead facts supporting a premises liability claim.

### (c) Leave to Amend Complaint

Perry argues that the district court erred by denying him leave to amend his complaint. An appellate court reviews

a district court's denial of a motion to amend under § 6-1115(a) for an abuse of discretion. *Williams v. State*, 310 Neb. 588, 967 N.W.2d 677 (2021). However, we review de novo any underlying legal conclusion that the proposed amendments would be futile. *Id*. A motion to amend should only be deemed as being futile if the amendment could not survive a § 6-1112(b)(6) motion to dismiss. See *Bailey v. First Nat. Bank of Chadron*, 16 Neb. App. 153, 741 N.W.2d 184 (2007).

At the hearing on the motion to dismiss, Perry did not ask for leave to amend his complaint. It was Perry's brother (who had a separate negligence case against Bucky's and a simultaneous hearing on a motion to dismiss his case) who said, "[I]f our complaint is insufficient, Your Honor, we just ask that you give us the opportunity to amend it." Regardless, at the hearing, Perry did not allege additional facts to be added to his complaint that would have allowed it to survive a § 6-1112(b)(6) motion to dismiss. Accordingly, the district court did not abuse its discretion when it did not grant Perry leave to amend his complaint.

Additionally, we note that even in his appellate brief, Perry has not alleged additional factual allegations that would have allowed his claim to survive a § 6-1112(b)(6) motion to dismiss. He claims that Bucky's knew or should have known that its premises and the area immediately surrounding its premises was a "high crime area" and that there had been "numerous criminal acts and attacks perpetrated on the public in said area, and that such criminal acts and attacks were reasonable [sic] likely to be perpetrated on business invitees of the business owner unless owner and owner employees took steps to provide proper security for such individuals." Brief for appellant at 11. Perry also alleged that Bucky's "still allow[s] intoxicated individuals on [its] premises regularly and even [has] knowledge intoxicated individuals are on their property." *Id.* at 12. He contends Bucky's failed to provide adequate security, including security guards and closed-circuit television cameras to protect customers and invitees.

However, Bucky's did not have control over the intoxicated driver and could not have discovered the accident was about to occur through the exercise of reasonable care, and therefore, a negligence claim fails. Further, a premises liability claim fails because (1) Perry did not allege facts that Bucky's could have discovered an intoxicated driver was about to strike him or that Bucky's could have given him a warning enabling him to avoid the harm or otherwise protect him against it (neither security guards nor security cameras would have protected Perry) and (2) the dangers of parking lots, including car accidents, are obvious, and Perry has not alleged any facts to show that he was not aware of the danger or that Bucky's should have anticipated that lawful patrons would fail to protect themselves against such danger.

## VI. CONCLUSION

For the reasons stated above, we affirm the order of the district court dismissing Perry's complaint for failure to state a claim upon which relief may be granted and denying him an opportunity to amend his pleading.

AFFIRMED.